## TORRANCE v. STATE OF INDIANA.

[No. 15,955. Filed October 15, 1937. Rehearing denied November 23, 1937. Transfer denied February 15, 1938.]

*Guy W. Dausman*, for appellant.

*Omer S. Jackson*, Attorney-General, and *James D. Sturgis*, Deputy Attorney-General, for the State.

BRIDWELL, C. J.—In the trial court appellant was charged, tried, and convicted for the crime of contributing to the delinquency of a girl fifteen years of age by causing and encouraging her to drink intoxicating liquors and to be guilty of "vicious and immoral conduct" alleged by the affidavit charging the offense to be too vicious and immoral to be set forth therein. No motion of any kind was addressed to the affidavit, and upon arraignment the appellant pleaded not guilty. On appellant's motion the cause was thereafter submitted to a jury for trial, which resulted in a verdict as follows: "We, the jury, find that the defendant, Perry Torrance, is guilty as charged; that he be fined in the sum of $50.00, and that he be imprisoned in the county jail or workhouse for a period of sixty days." In due course appellant filed his motion for a new trial, which was overruled, and he excepted. Judgment on the verdict was then rendered in the following words and figures, to wit:

> "It is therefore adjudged and decreed by the Court that the defendant, Perry Torrance, for the offense so by him committed, do make his fine to the

State of Indiana in the penal sum of Fifty ($50.00) Dollars; that he be imprisoned at the Indiana State Farm for a period of sixty (60) days and that he pay and satisfy the costs herein taxed at ——— Dollars and ——— Cents. And it is further ordered by the Court that in addition to said sentence of sixty (60) days to Indiana State Farm, said defendant be imprisoned at said State Farm until the said fine and costs are either paid or replevied."

This appeal followed, and the errors assigned are: (1) "The trial court erred in denying the appellant the right to exercise four peremptory challenges in the selection of the jury." (2) "The court erred in overruling appellant's motion for a new trial."

Appellant's motion for a new trial asserts as a reason therefor that the court erred in sustaining the objection of appellee to the peremptory challenge by appellant of a juror, the objection (according to said motion) being "on the ground that the peremptory challenges allowed by law to the defense had been exhausted by the defendant's challenges of the jurymen, Monroe Ott, Elmer Albright, and Jacob Moneyheffer." No other cause for a new trial is stated or assigned in the motion therefor.

Under the assignment of errors the sole question presented for determination is as to whether appellant, in selecting a jury to try him for the criminal offense with which he stood charged, was entitled to more than three peremptory challenges of prospective jurors.

In this jurisdiction it is provided by legislative enactment that all "crimes and misdemeanors shall be defined and punishment therefor fixed by statutes of this state, and not otherwise," (Sec. 9-2401 Burns' Ind. Stat. Anno. 1933, Sec. 2 Baldwin's 1934) and further, that "all crimes and public offenses which may be punished with death or imprisonment in the state prison shall be denominated felonies; all [and] all other offenses against the criminal law shall be denominated misdemeanors."

Section 9-101 Burns' Ind. Stat. Anno. 1933, section 2009 Baldwin's 1934.

The right to a peremptory challenge of a juror exists only by virtue of our statutory law. Our statute relative to the matter (Sec. 9-1502 Burns' Ind. Stat. Anno. 1933, Sec. 2252 Baldwin's 1934) provides that "in prosecutions for capital offenses, the defendant may challenge, peremptorily, twenty [20] jurors; in prosecutions for offenses punishable by imprisonment in the state prison, ten [10] jurors; in other prosecutions, three [3] jurors."

The statute (Sec. 9-2804 Burns' Ind. Stat. Anno. 1933, Sec. 5698 Baldwin's 1934) making it unlawful "for any person to cause or encourage . . . any girl under the full age of eighteen [18] years to commit any act of delinquency" as defined and specified in section one of such act, provides, among other things, "that any person so offending shall be guilty of a *misdemeanor*, and may be tried for such offense in the juvenile court, and, upon conviction, shall be punished by fine or imprisonment, or both." The next section (Sec. 9-2805 Burns' Ind. Stat. Anno. 1933, Sec. 5699 Baldwin's 1934) fixes the penalty upon conviction providing that the person convicted "shall be fined in any sum not exceeding five hundred dollars [$500] or *imprisoned in the county jail or workhouse* for a period not exceeding six [6] months, or punished by both such fine and imprisonment." (Our italics.)

Our attention is called by appellant to the fact that in the instant case the trial court, pursuant to the provisions of section 13-507 Burns' Ind. Stat. Anno. 1933, section 13587 Baldwin's 1934, committed appellant to the Indiana State Farm, and it is asserted that said institution is a "State Prison governed, controlled and supported wholly by the state and state agencies." While this assertion, generally speak-

ing, is true, yet we are of the opinion that such fact is not determinative of the question presented by this appeal. The act establishing the Indiana State Farm (Acts 1913, Chapter 236, p. 660) when considered in its entirety, together with such subsequent changes as have been made, contains nothing which leads us to believe that it was the legislative intent by its enactment to provide, among other things, for more than three peremptory challenges on the part of any person charged with a criminal offense, where the statute defining the crime denominates it as a misdemeanor. It is nowhere so expressly stated; and this part of our statutory law must be considered and interpreted in connection with the other statutes hereinbefore mentioned. It is only persons convicted of offenses punishable by fine, or by imprisonment in a county jail or workhouse, or both, or by imprisonment at the Indiana State Farm, who can, in the first instance, and upon conviction, be committed to the Indiana State Farm. There is no reason to believe that our legislature, when it enacted Chapter 236 of the Acts of 1913, *supra,* being, as expressed in the title thereto, "An Act to provide for the establishment and government of a correctional institution, to be known as the Indiana State Farm, providing for the care and confinement of prisoners therein, and the transfer of prisoners thereto," meant by such legislation to reclassify criminal offenses, changing misdemeanors to felonies, and increasing the number of peremptory challenges of proposed jurors from three to ten in all cases denominated as misdemeanors, or which, previous to such act were punishable only by fine, or by imprisonment in a county jail or workhouse, or by both such fine and imprisonment. The right to peremptorily challenge a prospective juror being only a statutory and not a vested right, such right cannot rightfully be enlarged by judicial construction.

Having in mind our statutory law bearing upon the subject-matter here involved, and the fact that appellant was charged with a misdemeanor only, we are of the opinion that he was entitled to but three peremptory challenges of prospective jurors, and that the trial court did not err in the rulings concerning which complaint is made.

The judgment is affirmed.

Kime, J., dissents.

## DISSENTING OPINION.

KIME, J.—I dissent from the majority holding herein because the statute law is so complicated and involved that the result reached herein by the majority can not be reached without a strained construction. From the first statute giving peremptory challenges down to the present day it has been the policy of the legislature to give to the defense more peremptory challenges than to the prosecution. The result of the majority opinion is to make such peremptory challenges equal in cases of this kind. Personally I am in accord with the idea that three peremptory challenges are enough for the defendant in a case of this kind but the legislature and not the courts should fix the number. Because legislatures have enacted statutes without regard to those already in existence and thereby made a confusing situation that is almost undefinable is no reason for an attempted judicial discrimination. Where there is any doubt such doubt should be resolved in favor of the accused to the end that every safeguard attempted to be thrown about him by the legislature may be preserved to him until a subsequent legislature clearly takes it away.