TYLER *v.* STATE OF INDIANA

[No. 28,068.   Filed September 24, 1945.]

[For opinion of Appellate Court, see 116 Ind. App. —, 63 N. E. (2d) 145.]

*Walter J. Bixler*, of Peru, for appellant.

*James A. Emmert*, Attorney General, and *Frank E. Coughlin*, First Assistant Attorney General, for the State.

RICHMAN, C. J.—Upon an indictment appellant was convicted by a jury of neglect of her minor children and encouraging their delinquency. The prosecution apparently was pursuant to § 9-2809, Burns' 1942 Replacement, which was enacted in 1907. After describing the offense the statute provides that "on conviction in any juvenile court" the defendant shall be fined, and so forth.

At the time this statute was enacted a special juvenile court in a county containing a city of a population of 100,000 had been created by § 1 of ch. 237 of the Acts of 1903, which further provided "That in those counties that do not contain a city with 100,000 inhabitants, the Judge of the Circuit Court shall be the Judge of the Juvenile Court." It is contemplated by § 9-2809, *supra*, that prosecution may be in the circuit court exercising its juvenile jurisdiction. At the time of this prosecution and when this appeal was perfected, Chapter 233 of the Acts of 1941 was in effect. Section 4 thereof, being § 9-2832, Burns' 1942 Replacement, provides that in every county of the state containing a city with a population of 300,000 inhabitants or more, there shall be a special court known as the juvenile

court, and that "In all other counties the circuit court and the judge thereof shall have and possess all the powers and duties conferred on the juvenile court and the judge thereof, by this act, and shall have exclusive jurisdiction in all matters relating to children . . . ." While the record in this case and the briefs refer to the proceedings as occurring in Miami Circuit Court, we think it must be taken that the prosecution was in that court sitting as a juvenile court.

It is provided in § 30 of the 1941 Act, being § 9-2858, Burns' 1942 Replacement, that appeals from the juvenile court shall be to the Appellate Court, except when there has been a plea of guilty. We think this section was intended to cover not only appeals from special juvenile courts, but also from a circuit court performing the functions of a juvenile court, and accordingly that the Appellate Court has jurisdiction of this appeal. It is therefore ordered, pursuant to § 4-217, Burns' 1933, § 1362, Baldwin's 1934, that this cause be transferred to the Appellate Court.

NOTE.—Reported in 62 N. E. (2d) 626.