STATE EX REL. MILLER *v.* GANNON, JUDGE

[No. 17,720. Filed December 2, 1947.]

*Fred Barnett* and *John D. Kennedy*, both of Hammond, for relator.

Charles W. Gannon, *pro se.*

DRAPER, C. J.—On July 7, 1947, ten separate verified petitions were filed in the juvenile court of Lake County to have each of the ten minor children of Margaret Miller declared to be a neglected child as defind by § 6 of ch. 356 of the Acts of 1945, and praying that the facts be determined and such judgment and orders be entered as would best serve the welfare of said child.

The petitions allege, among other things, that the involved child does not have proper parental care or guardianship; that said child is in an environment injurious to himself and others; that four of said children were born out of wedlock, and said mother has made application to the Lake County Department of Public Welfare for assistance for said four children, and at the time of the making thereof, was receiving assistance from said department for other children.

The causes were tried together, and each child was found to be a dependent and neglected child; was made a ward of the court; was ordered placed in a foster home under the supervision of said Department of

Public Welfare of Lake County; and Margaret Miller and another were ordered to make certain payments for the support of said child. Final judgment was rendered on Sept. 16, 1947.

On Oct. 8, 1947, Margaret Miller appeared by counsel in one of said causes, and we assume in all, and tendered her motion for a new trial of said cause, and other motions not now important, which motions the court refused to allow filed. On Oct. 16, 1947, a separate transcript of the proceedings in the juvenile court of Lake County in each of said ten cases was filed in this court, each with an assignment of error to the effect that the decision of the court is contrary to law, which appeals were separately docketed and have since been consolidated.

On Oct. 20, 1947, Margaret Miller, as relator, filed her petition for writ of mandate signed by counsel, and verified by her on the 14th day of Oct. 1947, by which she seeks to compel the judge of the juvenile court of Lake County to permit the filing of her motions for new trial and to rule thereon; or in the alternative that the judge be required to show cause why such writ should not issue or be made permanent.

The trial court refused to permit the filing of the motions because Margaret Miller's attorney announced in open court at the time of offering the same for filing, that since the rendition of final judgment both the children and Margaret Miller, the mother, had fled the jurisdiction of the court; and it appearing to the court that said Margaret Miller and said children were in open defiance of the final judgment and orders of the court, and that their whereabouts were unknown, and that the attorney was attempting to proceed further in the cause, the court of its own motion required said attorney to produce and prove the authority under which he

appeared on behalf of said children and their mother, and the court ordered that until such authority was produced all further proceedings by said attorney on behalf of said children or said mother be stayed.

We are called upon to decide whether, under the circumstances above outlined, the judge of the juvenile court should be mandated to permit the filing of the motions for new trial.

The judge of the juvenile court challenges our right to issue the writ on the ground that this court does not have jurisdiction of appeals from the juvenile court and has no right to issue a writ in aid of a jurisdiction it does not possess. Section 9-2858, Burns' 1942 Replacement, which provided that appeals from the juvenile court should be taken to this court, is no longer effective. *Attkisson* v. *Usrey* (1946), 224 Ind. 155, 65 N. E. (2d) 489. Section 9-3221, Burns' 1942 Replacement (Supp.), provides that appeals may be taken in juvenile cases from any final order or judgment of the juvenile court "in the manner" provided by law for appeals in criminal cases from circuit or criminal courts, but that section does not deprive this court of jurisdiction to entertain this appeal. This court has jurisdiction thereof under, § 4-214, Burns' 1946 Replacement, and a writ of mandate may issue out of this court in aid of its appellate powers and functions. § 3-2201, Burns' 1946 Replacement.

It is not contended that the issuance of a writ in this case would not be appropriate as in aid of the appellate jurisdiction of the court having jurisdiction of the appeal. Assuming, therefore, without deciding, that it would be appropriate, we proceed to the further questions presented by the briefs.

Section 4-3611, Burns' 1946 Replacement, provides as follows:

"The court or judge may, on motion of either party, and on showing reasonable ground therefor, or without such motion, require an attorney to produce and prove the authority under which he appears, and until he does so, may stay all proceedings by him on behalf of the party for whom he assumes to appear."

The section is broad in its scope. A court having reasonable ground therefor may require an attorney to produce and prove the authority under which he appears, and may foreclose further action by him on behalf of the party for whom he assumes to appear until the requirement is satisfied. We have no doubt that reasonable grounds existed to justify the action of the court in this case. The court's orders had been disobeyed; the court was informed that the mother and all of the children had fled the jurisdiction of the court in open defiance of its judgment, and their whereabouts were unknown; and presumably the attorney was not in communication with and therefore could not be proceeding in accordance with the directions and instructions of Margaret Miller or by her authority. The court might well question whether, under the circumstances, the appellant was herself invoking further action by the court, and it was entitled to an answer to that important question. In our opinion reasonable grounds to question the attorney's authority existed, and the order staying further action by the attorney on behalf of the appellant until he produced and proved the authority under which he appeared was justified, and will not be disturbed by this court.

The appellant complains to us that by the court's refusal to entertain the motion for new trial she is denied the right to proceed further in and about perfecting her appeal to this court. For the guidance of the parties it may not be inappropriate to say that it

is doubtful whether, under the circumstances of this case, and so long as the situation remains unchanged, we would entertain an appeal in the consolidated case if one were perfected. Should we do so, and affirm, the appellant is not likely to return with the children and submit to the judgment of the court. Should we reverse and order a new trial, she and the children may return or not as will best suit her own interests. Under such circumstances we would not consider it our duty to hear and decide what may prove to be only a moot case. See for somewhat analogous situations, *Sargent* v. *The State* (1884), 96 Ind. 63; *Southerland* v. *State* (1911), 176 Ind. 493, 96 N. E. 583; *Doren* v. *State* (1914), 181 Ind. 314, 104 N. E. 500.

The order of Oct. 8, 1947, would not seem to have worked an undue hardship on the relator in any event. Though her whereabouts seemingly was unknown on that date, and she was thought to have fled the jurisdiction, she did on Oct. 14, 1947, verify the petition for writ of mandate before a notary public in Lake County, Indiana. This was several days before the last day for filing the motions for new trial. For aught appearing, she could have then submitted to the final judgment of the court, and could have furnished the attorney with the required authority, which would have removed any obstacle to the filing of said motions.

Petition for writ denied.

NOTE.—Reported in 75 N. E. (2d) 678.