## BYNUM *v.* STATE OF INDIANA.

[No. 18,402. Filed October 28, 1953. Decided on merits by Supreme Court on April 22, 1954.]

P. L. Harden and Howard R. Hooper, for appellant.

Edwin K. Steers, Attorney General, and Carl Humble, Deputy Attorney General, for appellee.

KELLEY, J.—The appellant, an adult 26 years of age, was tried and convicted in the Juvenile Court of Marion County, upon a charge of contributing to the delinquency of a female child under the age of 18 years. The offense charged was a misdemeanor. *Torrance* v. *State* (1937), 104 Ind. App. 631, 10 N. E. 2d 434; 1 R. S. 1852, ch. 61, §2, §9-2401, Burns' 1942 Replacement, Acts 1905, ch. 169, §1, §9-101, Burns' 1942 Replacement. He appeals to this court from the judgment of said Juvenile Court finding him guilty of the offense charged and that he be fined in the penal sum of $50.00 and costs and sentenced to the Indiana State Farm for 100 days.

Appeals to this court from convictions of criminal offenses rendered by the juvenile courts were formerly taken under the provisions of §30, ch. 233, Acts 1941, §9-2858, Burns' 1942 Replacement. Said §30, ch. 233, Acts 1941 was superseded by ch. 356, Acts 1945 and, by §21, of the 1945 Act, it was provided that appeals from juvenile courts may be taken "in the manner provided by law for appeals in criminal

cases from circuit or criminal courts." Burns' 1953 Cum. Suppl., §9-3221.

In the case of *State ex rel. Miller* v. *Gannon, Judge* (1947), 117 Ind. App. 677, 75 N. E. 2d 678, it was held by Draper, J., that said §9-3221, Burns' 1942 Replacement (Supp.), did not deprive this court of jurisdiction to entertain the appeal of that case and that this court had jurisdiction of said cause under §4-214, Burns' 1946 Replacement. That case was an action for a writ of mandate to compel respondent to permit the filing of a motion for new trial in a proceeding to have named child declared to be a neglected child. It did not involve an appeal from a conviction of a criminal offense by an adult.

Acts 1901, ch. 247, §7, p. 565, provided that no appeal shall be taken to the Supreme or Appellate Court in any criminal case of misdemeanor except as provided in §8 of said Act. Said §8 set forth certain exceptions and it was held that no appeal in a misdemeanor case could be taken unless it fell within one of the exceptions. *Nichols* v. *State* (1901), 27 Ind. App. 444, 61 N. E. 694.

The aforementioned §7 of the Act of 1901 was amended by Acts 1903, ch. 156, §2, p. 280, Burns' 1946 Replacement, §4-212, to provide that the defendant in all criminal cases of misdemeanors shall have the right of appeal to the Supreme or Appellate Courts.

By Acts 1905, ch. 169, §324, p. 584, Burns' 1942 Replacement, §9-2301, the defendant was given the right to appeal from any judgment in a criminal action against him to the Supreme Court *or* the Appellate Court, "as a matter of right." Later, by Acts 1929, ch. 123, §1, p. 429, Burns' 1942 Replacement, §9-2302, the jurisdiction of appeals in criminal cases other than where the penalty was death, imprisonment in the Indiana State Prison or Indiana Reforma-

tory, was vested in the Appellate Court until January 1, 1931, after which time the jurisdiction of all such appeals "shall be in the Supreme Court." By the foregoing line of statutes, jurisdiction of appeals in criminal cases, including misdemeanors, is exclusively in the Supreme Court.

The Acts of 1901, ch. 247, §9, p. 565, provided that no appeal shall be taken directly to the Supreme Court unless it be within one of the enumerated classes. Class "Second" authorized such appeal to the Supreme Court in "All prosecutions for felonies." All other appealable cases were to be taken to the Appellate Court. The said §9 of said Act 1901 was amended by Acts 1907, ch. 148, §1, p. 237, and the "Second" class was changed from "All prosecutions for felonies" to "All criminal prosecutions." Further amendments were made by Acts 1915, ch. 76, §1, p. 149, and Acts 1925, ch. 201, §1, p. 487, but the right of direct appeal to the Supreme Court still remains under class "Second" in "All criminal prosecutions." Burns' 1946 Replacement, §4-214. Under said act no appeal of criminal prosecutions to the Appellate Court is authorized.

The Supreme Court, in the case of *Tyler* v. *State* (1945), 223 Ind. 519, 62 N. E. 2d 626, held that the Appellate Court had jurisdiction of appeals from the juvenile courts, except when there has been a plea of guilty. However, that case was decided under Acts 1941, ch. 233, §30, Burns' 1942 Replacement, §9-2858. As stated above, said §30 of the 1941 Act has been superseded by §21 of ch. 356, Acts 1945, Burns' 1953 Cum. Suppl., §9-3221. Since the passage of the 1945 Act, it appears that an appeal by an adult from a conviction of a misdemeanor by the juvenile court must be taken as provided for in §4-214, Burns'

1946 Replacement. Such appeal must be taken directly to the Supreme Court.

The forum wherein the charge is laid determines not the appeal jurisdiction, whether it be the Criminal Court, the Circuit Court, or the Juvenile Court. The jurisdiction to hear and determine appeals in criminal prosecutions, including misdemeanors, is, by statute, vested in the Supreme Court.

It thus appearing that the jurisdiction of this appeal resides in the Supreme Court, this case is transferred thereto.

NOTE.—Reported in 114 N. E. 2d 885.