BYNUM *v.* STATE OF INDIANA.

[No. 29,117.   Filed April 22, 1954.]

*P. L. Harden* and *Howard R. Hooper*, of Indianapolis for appellant.

*Edwin K. Steers*, Attorney General, and *Carl Humble*, Deputy Attorney General, for appellee.

EMMERT, J.—This is an appeal from a judgment sentencing appellant to the Indiana State Farm for 100 days and imposing a fine of $50.00, entered upon a

finding of the Juvenile Court of Marion County that appellant was guilty of contributing to the delinquency of a juvenile. The appeal was first taken to the Appellate Court, and it properly transferred the appeal here, since appellant was charged with a criminal offense. *Bynum* v. *State* (1953), 124 Ind. App. 530, 114 N. E. 2d 885.

The procedure in the trial court "shall be as provided by law in criminal cases." Section 10-816, Burns' 1942 Replacement (Supp.). Appellant appeared with his counsel in open court without the warrant on the affidavit being served, and before he pleaded, the court made the following order book entry:

"On motion of the State of Indiana, this affidavit is amended to show the correct name of the defendant and the correct spelling thereof to be Tommy Bynum and the said defendant requests a continuance of arraignment. . . ."

The affidavit as originally filed charged the defendant by the name of "Thomas Bonner."

Section 9-1110, Burns' 1942 Replacement, provides:

"If the defendant be accused by a wrong name, unless he declare his true name before pleading, he shall be proceeded against by the name in the indictment or affidavit."

Section 9-1111, Burns' 1942 Replacement, provides:

"If he allege that another name is his true name, it must be entered in the minutes of the court, and the subsequent proceedings on the indictment or affidavit may be had against him by that name, referring also to the name by which he is accused."

The record does not disclose a copy of any amended affidavit, nor does it show it was resworn to after

amendment as required by §9-1124, Burns' 1942 Replacement. However, we believe §§9-1110 and 9-1111, Burns', *supra,* were substantially complied with, and an amended affidavit was not necessary.

Thereafter, appellant filed a verified plea in abatement, wherein he attempted to abate the prosecution for the reason his name was Tommie Bynum. He signed the verification as "Tommie Bynum."

After conviction, he signed his motion for new trial as "Tommy Bynum" and the verification as "Tommy Bynum." He signed the appeal bond as "Tommy Bonner." The bill of exceptions shows his name as a witness, as "Tommie Bynum."

The plea in abatement was not put at issue and no hearing or ruling was made thereon. Without objection, the appellant entered a plea of not guilty, and the trial was had and concluded. "Pleas in abatement must be pleaded and disposed of before a plea in bar is interposed." *Pointer* v. *State* (1883), 89 Ind. 255, 257. Appellant by pleading in bar waived any error in not ruling on the plea. Ewbank, Indiana Criminal Law (2d Ed.), §365.

The names "Tommie" and "Tommy" are *idem sonans* and there was no variance in the proof. *Pinney* v. *State* (1901), 156 Ind. 167, 169, 59 N. E. 383, and cases therein cited.

No other alleged errors are properly presented for our consideration.

Judgment affirmed.

Draper, C. J., Gilkison, Flanagan, and Bobbitt, JJ., concur.

NOTE.—Reported in 118 N. E. 2d 898.