EARL EUGENE COOPER *v*. STATE OF INDIANA.

[No. 770S166. Filed July 19, 1972.]

108

*Lee F. Mellinger, Pressler & Mellinger, David A. Denton, Arnold & Denton,* all of Elkhart, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert A. Zaban,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted upon both of two counts in a trial by jury, upon an affidavit charging Second Degree Burglary under 1956 Repl. Burns Ind. Stat. Ann. § 701, IC 1971, 35-13-4-4, Acts of 1941, Ch. 148, § 4, and with being an Habitual Criminal under 1956 Repl. Burns Ind. Stat. Ann. § 9-2207, IC 1971, 35-8-8-1, Acts of 1907, Ch. 82, § 1. His appeal avers the following errors:

(1) Overruling a motion to dismiss Count No. 2 predicated upon the premise that the sentences upon the two felony convictions specified in the affidavit were served concurrently.

(2) Overruling Defendant's motion for a change of venue from the county.

(3) Overruling Defendant's motion for a continuance during the progress of the trial.

(4) Admitting evidence of the statements made by the defendant at the time he was apprehended and arrested.

(5) Discharging a regular juror and substituting an alternate juror after deliberation had commenced.

(6) Entry of the trial deputy prosecutor and a police officer into the jury room during deliberation of the jury.

(7) Verdict of the jury upon Count 2 (Habitual Criminal) as not being sustained by the evidence and being contrary to law.

Defendant was apprehended in the act of committing a second degree burglary. No question with reference to the sufficiency of the evidence to sustain the verdict upon that count has been raised.

(1) The motion to dismiss does not appear in the record, and it cannot be determined with certainty whether it was filed and overruled or if the defendant failed to file it after the court indicated that it would be summarily overruled. The motion to dismiss was a plea in abatement, which must precede the plea in bar. *Bynum* v. *State* (1954), 233 Ind. 269, 118 N. E. 2d 898.

Having been filed eight days following his plea to the charge, the motion was filed too late. The issue raised by such motion, however, is rendered moot by our holding upon the seventh proposition.

(2) On March 18, 1968, the defendant filed a verified motion for a change of venue from the county, under that portion of current Criminal Rule 12 which was then designated Rule 1-12c. The trial court denied said motion. The defendant acknowledges that the denial of such motion was within the discretion of the trial court but contends that it was error to do so without a hearing thereon. We have recently held that to deny an uncontroverted, verified application for change of venue without affording petitioner some opportunity to present additional evidence in support of said application is an abuse of discretion by the trial court, and that such a denial constitutes reversible error. *Hanrahan* v. *State* (1968), 251 Ind. 325, 241 N. E. 2d 143. The causes for change of venue from the county are still

governed by 1956 Repl. Burns Ind. Stat. Ann. § 9-1301, Acts of 1905, ch. 169, § 203 as amended by Acts of 1927, ch. 132, § 10, IC 35-1-25-1 and are specified as "the excitement or prejudice against the defendant in the county or in some part thereof." The defendant's motion did not charge such prejudice or excitement. Assuming the allegations of the motion to be true, they did not indicate prejudice or excitement or a likelihood thereof by such a segment of the populous of the county or any portion thereof as to be prejudicial to his right to a fair trial. It was, therefore, apparent upon the face of the motion that the relief sought could not properly be granted; and a summary denial under such circumstances is not error.

(3) The defendant, during the progress of the trial, requested a continuance to enable him to subpoena a witness to refute evidence that he was an habitual criminal as ■ defined by the statute. It is now his contention that the testimony of such witness would impeach the convictions specified in the charging affidavit. We see no abuse of discretion in the court's refusal to grant a continuance in the middle of the trial to enable a party to present evidence which, by the exercise of due diligence, could have been available to him without the necessity of such an extraordinary proceeding. Further, this issue was governed by 1967 Replacement Burns Ind. Stat. Ann. § 2-1301, Acts of 1881 [Spec. Sess.] Ch. 38, § 374, the substance of which is now incorporated into Trial Rule 53.4, and the requirements thereof were not complied with.

(4) The trial prosecutor asked the arresting officer to describe the defendant's attitude at the time of the arrest. The defendant, at his insistence and despite the trial court's admonishments against it, was representing himself, and he interposed the following objection:

"My attitude hasn't got nothing to do with it. This is a trial - - - - attitude. I don't know how you get attitude brought up; obscene language. This is a trial for burglary,

and he is trying to try me for obscene language, which I admit I probably did use."

The question was withdrawn and rephrased. "What if anything, did Mr. Cooper say at that time?" To which the defendant interposed the following objection, which was overruled: "I object to that question, because I led the witness into knowing what the answer is now. That is a pretty good way of doing that."

Defendant now urges that the officer's testimony with respect to the statements and conduct of the defendant were inadmissible by reason of the proscriptions of *Miranda* v. *Arizona* (1966), 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694. A party cannot change or add to his objections or the grounds thereof in the reviewing court. *Louisville, N. A. and C. R. Co.* v. *Rush* (1891), 127 Ind. 545, 26 N. E. 1010; *Glen Park Democratic Club, Inc.* v. *Kylsa* (1966), 139 Ind. App. 393, 213 N. E. 2d 812.

Had the defendant presented the *Miranda* issue as the basis for his objection when the testimony was offered, it, nevertheless, would have been overruled, because the defendant's statements had been freely, voluntarily and spontaneously made. The requirements of warning and waiver imposed by *Miranda* v. *Arizona, supra,* apply only to custodial interrogation. *New* v. *State* (1970), 254 Ind. 307, 259 N. E. 2d 696.

As to the defendant's claim of irrelevancy made in the trial court, the evidence was relevant and admissible as bearing upon the defendant's consciousness of guilt. *Smith* v. *State* (1961), 241 Ind. 665, 175 N. E. 2d 27; *Davidson* v. *State* (1933), 205 Ind. 564, 187 N. E. 2d 376.

(5) After the jury commenced its deliberation, one of the jurors became ill. He was discharged by the court and an alternate juror substituted. The transcript reveals no objection by the defendant to the discharge and substitution; and as this Court has said on many occasions, objections not

made in the trial court cannot be raised on appeal. *Johnson* v. *State* (1972), 257 Ind. 682, 278 N. E. 2d 577; *Barnes* v. *State* (1971), 255 Ind. 674, 266 N. E. 2d 617.

(6) The defendant has charged that the trial deputy prosecutor and a police officer entered the jury room during deliberation, but there is nothing in the record to substantiate such claim. Error alleged but not disclosed by the record is not a proper subject for review. *Fortune* v. *State* (1937), 212 Ind. 325, 9 N. E. 2d 81; *Campbell* v. *State* (1897), 148 Ind. 527, 47 N. E. 221.

(7) Lastly, the defendant challenges the sufficiency of the evidence and claims that the verdict was contrary to law in that the habitual criminal statute requires two separate and distinct imprisonments. The statute is as follows:

> "Habitual criminals—Life sentence.—Every person who, after having been twice convicted, sentenced and imprisoned in some penal institution for felony, whether committed heretofore or hereafter, and whether committed in this state or elsewhere within the limits of the United States of America, shall be convicted in any circuit or criminal court in this state for a felony hereafter committed, shall be deemed and taken to be an habitual criminal, and he or she shall be sentenced to imprisonment in the state prison for and during his or her life."

The evidence upon this issue discloses that on October 5, 1965, the defendant committed a second degree burglary and that during his confinement, awaiting trial, and on November 2, 1965, he committed a jail break. On November 12, 1965, the defendant entered a plea of guilty to the second degree burglary charge and also to the charge of jail-breaking. On November 22, 1965, the defendant was sentenced to imprisonment for not less than two nor more than five years upon the burglary offense and to imprisonment for not less than one nor more than five years upon the jail-breaking offense, said terms to run consecutively and not concurrently. For reasons not disclosed by the record, the warden of the prison permitted the aforesaid sentences to be served concurrently;

and the defendant now contends that, therefore, he was not twice imprisoned. We do not meet such alleged error, however, as it was clearly erroneous to count the jail-break conviction as the second conviction, because at the time it was committed, the defendant had not yet been convicted, sentenced and imprisoned upon the burglary charge. Although this question has not previously been passed upon in Indiana, the authorities from other jurisdictions are overwhelming that under statutes prescribing greater penalties for subsequent offenses, the subsequent offense must have been committed subsequent not only to the former offense but also to the conviction for such former offense. 24 A.L.R. 2d 1247 and later case service and cases there cited. The theme running through the decisions is that "* * * The main purpose of every humane penal code is to prevent the commission of crime. The law does not take vengeance upon its violators. It strives by its penalties to warn and hinder rather than punish." 24 A.L.R. 2d 1251. The majority of the cases have related only to the time of commission of and conviction for the earlier offenses. However, with equal logic, it has also been held that to punish one as a third offender it must be shown that the defendant, having once been sentenced to the penitentiary, thereafter committed a crime for which there was a second conviction and a penitentiary sentence was imposed, and that subsequent to the conviction of and imposition of sentence for the second offense, he has committed a third offense for which he was convicted and sentenced. *Wesley* v. *Commonwealth* (1949), 190 Va. 268, 56 S. E. 2d 362.

In *Parker* v. *Commonwealth* (1951), Ky., 238 S. W. 2d 998, under a statute that provided "If convicted a third time of felony, he shall be confined in the penitentiary during his life," the court reversed because the instructions given did not require that the jury find that the offenses were committed in succession after each conviction. Under a statute providing that whoever is convicted three times of a felony less than capital shall on the third conviction be imprisoned

for life, it was held under Texas law that each succeeding conviction must be subsequent in time to the previous convictions, both with respect to commission of the offense and to conviction. *Burgett* v. *Texas* (1967), 389 U.S. 109, 19 L. Ed. 2d 319, 88 S. Ct. 258. Similarly, two convictions prior to the conviction in the principal case and occurring on the same date upon two separate indictments were held not to authorize the enhanced penalty as for a third offense. *Nunn* v. *State* (1937), 133 Texas Cr. 266, 10 S. W. 2d 71.

The purpose of our habitual criminal statute is to give offenders due warning by conviction, sentencing and imprisonments of the consequences of persistence in criminality, and we hold that before one may be sentenced under such statute, it must be shown that he has previously been twice convicted, twice sentenced and twice imprisoned for felony, that the commission of the second offense was subsequent to his imprisonment upon conviction for the first and that the commission of the principal offense was subsequent to his imprisonment upon conviction for the second.

The judgment of the trial court is affirmed as to the defendant's conviction for second degree burglary and reversed as to his conviction as an habitual criminal. The habitual criminal count is ordered dismissed and the judgment and sentence revised accordingly.

Arterburn, C.J., and DeBruler, Givan and Hunter, JJ., concur.

NOTE.—Reported in 284 N. E. 2d 799.