James CASTRO, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 3–782A180.

Court of Appeals of Indiana,
Third District.

Dec. 16, 1982.

Rehearing Denied Jan. 19, 1983.

Thomas P. Hallett, Hallett & Hallett, Portage, for defendant-appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

HOFFMAN, Presiding Judge.

On February 16, 1982, appellant James Castro was tried before a jury and found guilty of criminal confinement.[1] At his trial a six-member jury was impaneled, and he was limited to three peremptory challenges. Appellant objected vigorously to both the size of the jury and the number of peremptory challenges allowed him. This appeal results.

Several issues are raised on appeal:

(1) whether the court erred in impaneling a jury of only six members;

(2) whether the court erred in limiting appellant to only three peremptory challenges;

(3) whether appellant was denied a fair trial due to prosecutorial misconduct;

(4) whether the court erred in admitting appellant's confession;

(5) whether the evidence was sufficient to support the verdict; and,

(6) whether the trial court erred in failing to instruct the jury as to battery as a lesser included offense of criminal confinement.

1. IC 1971, 35–42–3–3 (Burns 1979 Repl.).

**1142**

This Court need not discuss all the issues raised by appellant in light of the resolution of his first issue.

■ Appellant contends that his constitutional rights were violated and harmful error was committed when the trial court misconstrued IC 1971, 35–1–30–1 (Burns 1979 Repl.), and impaneled a six-member jury. According to appellant IC 35–1–30–1 is unconstitutional since it allows for disparate treatment of persons accused of class D felonies. This disparate treatment arises out of the interelationship between IC 35–1–30–1 and IC 1971, 33–10.5–3–1 (1982 Burns Supp.) which permits the impaneling of a six-member jury for the trial of class D felonies in county courts. Appellant's arguments were answered in an earlier decision of this Court. *O'Brien v. State* (1981), Ind. App., 422 N.E.2d 1266.

■ A defendant has a constitutional right to be tried by a jury, but the number of jurors is not sacrosanct. A person accused of a class D felony is entitled to be tried by a six-member jury in a county court and a twelve-member jury in circuit, superior, and criminal courts. This treatment of class D felony trials was held to be reasonable, fair, and substantially related to a legitimate state interest. *O'Brien, supra.*

However, in the case at bar appellant was tried by a six-member jury even though he was tried in superior court. This denial of a right granted a defendant by the Indiana Legislature was clearly harmful error and must be redressed.

Appellant also challenges the court's limitation of his exercise of peremptory challenges. Appellant was not permitted to exercise a fourth peremptory challenge to which he was entitled.

■ There is no constitutional right to exercise a peremptory challenge. *Lund v. State* (1976), 264 Ind. 428, 345 N.E.2d 826. The right to exercise peremptory challenges is a matter of statutory grant and cannot be expanded as a matter of right, nor restricted, by judicial interpretation. *Cochran v. State* (1978), 269 Ind. 157, 378

N.E.2d 868; *Foreman v. State* (1932), 203 Ind. 324, 180 N.E. 291; *Torrance v. State* (1937), 104 Ind.App. 631, 10 N.E.2d 434.

■ Pursuant to IC 1971, 35–1–30–2 (Burns 1979 Repl.) a defendant accused of a crime which could be punished by imprisonment in a state prison for a year or more is entitled to ten peremptory challenges. The record clearly reflects that appellant was not allowed to exercise this statutory right. This too was harmful error.

For the reasons stated above appellant's conviction is reversed and a new trial ordered before a jury of twelve qualified jurors and with ten peremptory challenges.[2]

Reversed and remanded.

GARRARD and STATON, JJ., concur.

---

2. *See* section 9(b) of Acts 1981, P.L. 298.