Andrew WILLIAMS and Ocie Lee White, Appellants (Defendants Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 3–1282A338.

Court of Appeals of Indiana, Third District.

July 25, 1983.

Timothy M. Bemis, Griffith, for appellants.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Andrew Williams and Ocie Lee White were convicted of Theft,[1] a class D felony. On appeal they raise two issues:

(1) Whether the evidence is sufficient to support their convictions; and

(2) Whether they had a statutory right to a twelve-person jury.

Affirmed.

## I.

### Sufficiency

When reviewing the sufficiency of the evidence, this Court will neither weigh the evidence nor judge the credibility of witnesses. We will consider the evidence most favorable to the State and all reasonable inferences which may be drawn from that evidence. If there is substantial evidence of probative value on each element of the crime, we will not disturb the judgment. *Smith v. State* (1982), Ind., 429 N.E.2d 956, 957.

The evidence most favorable to the State is that Allen Weiner owned a 1975 Buick Electra automobile, which he reported to the police as being stolen. Two days later, Ted Wegila, owner of a towing company in Hammond, Indiana, watched Williams and White remove tires from a car and place them in the trunk of a brown Buick. Wegila notified the police by radio and while he was driving his tow truck toward the place where he had seen the cars, he saw the Buick and reported its license number to the police. Police officers found the Buick, its engine still running, and apprehended Williams and White a short distance away. Officer Kenneth Pavlina ran a check on the license number of the car and obtained the name of a company as the owner of the car. When he called the company, Weiner told Pavlina that his brown Buick had been stolen and that he had reported the theft to the Gary police. After Williams and White were taken into custody, Wegila identified them as the men he had seen put the tires into the brown Buick. Wegila towed the brown Buick to the police station and then to his lot. Weiner later identified a car on Wegila's lot as his Buick Electra.

Williams and White contend that the evidence is not sufficient to support their convictions. More specifically, they argue that the State failed to prove that the car they were charged with stealing belonged to Weiner.

■ Although the name of the owner or possessor of stolen property is a material allegation, that allegation may be proven by circumstantial evidence. *Thomas v. State* (1981), Ind.App., 423 N.E.2d 682, 685; *Shank v. State* (1972), 154 Ind.App. 147, 289 N.E.2d 315. In reviewing a conviction supported by circumstantial evidence, we need only determine whether reasonable inferences may be drawn from the evidence to support the judgment. *Thomas, supra.*

■ In this case, we find that a reasonable inference may be drawn to support the jury's conclusion that the car Williams and White loaded tires into belonged to Weiner. Wegila saw Williams and White put two tires into a brown Buick. Later, he saw Williams and White driving the brown Buick and reported the license number of the car to the police by radio. Officer Kenneth Pavlina ran a license check on the brown Buick when it was found and called the owner. Weiner identified himself to Pavlina on the telephone and told him that his brown Buick had been stolen. Pavlina's testimony regarding his conversation with Weiner was admitted without objection; therefore, it can be considered by the jury and by this Court as probative evidence. *Thomas, supra,* 423 N.E.2d at 686. This evidence gives rise to a reasonable inference that the car belonged to Weiner. Williams and White argue that the State failed to prove the license number or registration number of the car recovered by the police. Proof of license number or registration is

---

1. IC 1976, 35–43–4–2 (Burns Code Ed., 1982 Supp.).

not essential in establishing the identity of a stolen automobile. *Thomas, supra,* 423 N.E.2d at 687. They further argue that Weiner identified his car at Wegila's storage lot but that the record contains no evidence that the car Weiner identified was the car Wegila towed from the police station to his lot. The evidence that Wegila towed the car connected with the defendants to his lot and that Weiner identified his car on Wegila's lot tends to support the jury's conclusion, *see Pitts v. State* (1980), Ind.App., 410 N.E.2d 1387, but we need not rely on this evidence to support the conviction. As we have already stated, the evidence supports a reasonable inference that the brown Buick belonged to Weiner. Williams and White were seen in the car and Weiner had not given them permission to use it. The evidence is sufficient to support their conviction for theft.

## II.

### Size of Jury

Williams and White were tried in Lake County Superior Court before a six-person jury. Relying upon our opinion in *Castro v. State* (1982), Ind.App., 442 N.E.2d 1141, they contend that they were denied their statutory right to a jury of twelve persons and that this denial constitutes reversible error. We do not agree. At the time Williams and White committed the offense and were charged, Indiana law authorized a six-person jury in a class D felony case. Therefore, the trial did not violate their statutory or constitutional rights.[2]

Williams and White argue that IC 1976, 35-1-30-1 (Burns Code Ed., 1979 Repl.) (repealed) which provides:

"The trial jury used in civil cases shall act also in criminal cases, but must in criminal cases consist of twelve [12] qualified jurors, except as provided in IC 33-10.5-7-6."

was in effect at the time they were charged with theft. IC 33-10.5-7-6 provided for a six-person jury in a case tried in the county court. The county court has original and concurrent jurisdiction over class D felony cases. IC 1976, 33-10.5-3-1(a)(3) (Burns Code Ed., 1982 Supp.). The effect of these two statutes was to confer the right to a twelve-person jury in a class D felony case tried in superior court and the right to a six-person jury in a class D felony case tried in county court. *See O'Brien, supra.* In 1981, the Legislature repealed IC 35-1-30-1, replacing it with IC 1976, 35-37-1-1 (Burns Code Ed., 1982 Supp.) which provides:

"(a) The jury venire called by a court may be used in civil or criminal cases.

(b) If a defendant is charged with:

(1) Murder, a class A felony, a class B felony or a class C felony, the jury shall consist of twelve [12] qualified jurors unless the defendant and prosecuting attorney agreed to a lesser number; or

(2) Any other crime, the jury shall consist of six [6] qualified jurors."

As Williams and White correctly state 1981 Ind.Acts P.L. 298, which repealed IC 35-1-30-1 and replaced it with IC 35-37-1-1, contained the following savings clause:

"The repeal by this section of a law or part of a law does not affect any rights or liabilities accrued, or any proceeding begun, before September 1, 1982. The rights, liabilities, and proceedings are continued, and punishments, penalties, or forfeitures shall be imposed and enforced under the repealed law as if this section had not been enacted."

1981 Ind.Acts, P.L. 298, § 9(b). Williams and White were charged with theft on March 19, 1982. Their trial began on September 7, 1982. The proceedings against them began before September 1, 1982; therefore, the savings clause renders IC 35-37-1-1 inapplicable to their trial.

Although IC 35-37-1-1 was not yet in effect when Williams and White were

---

2. As we recognized in *Castro, supra,* a defendant's constitutional right to a jury trial does not include the right to be tried by a jury of twelve persons; a provision for a six-person jury in a class D felony case is not unconstitutional. *See also O'Brien v. State* (1981), Ind., 422 N.E.2d 1266.

charged with theft, they had no statutory right to be tried by a twelve-person jury even in superior court. Prior to repealing IC 35–1–30–1, the Legislature amended it as follows:

"The trial jury used in civil cases shall act also in criminal cases, but must in criminal cases consist of . . .

(1) twelve (12) qualified jurors in a felony case other than a Class D felony case; or

(2) six (6) qualified jurors in a Class D felony, misdemeanor, infraction, or ordinance violation case."

1981 Ind.Acts, P.L. 281 § 3 (approved April 27, 1981). This act contained no savings clause; therefore, it became effective on September 1, 1981 and remained in effect on March 19, 1982. At the time Williams and White were charged with theft, a class D felony, they had a statutory right to a six-person jury. They were tried before a six-person jury; we find no error.

Affirmed.

HOFFMAN, P.J., and GARRARD, J., concur.