**Gregory J. PFISTER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 26A05–9410–CR–400.

Court of Appeals of Indiana,
Fifth District.

May 30, 1995.

John C. Hicks, Princeton, for appellant.

Pamela Carter, Atty. Gen. of Indiana and Christopher L. Lafuse, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

BARTEAU, Judge.

Gregory Pfister was charged with two counts of theft, both Class D felonies, and possession of marijuana under 30 grams, a Class A misdemeanor. The charges were set for trial by jury. During *voir dire,* Pfister attempted to remove a juror by exercising a peremptory challenge. The trial court refused to remove the juror, finding that the reason for Pfister's challenge was not related to the case. Following the jury trial, Pfister was convicted as charged.

### ISSUE

Although Pfister raises several issues on appeal, the issue of whether the trial court erred in denying Pfister's peremptory challenge of a juror is dispositive.

### DISCUSSION

The trial court issued a Voir Dire Order on May 26, 1994, five days before trial. The order reads in pertinent part:

IT IS HEREBY ORDERED that the following procedure for voir dire of prospective jurors be used at the trial of this cause:

\* \* \* \* \* \*

6.(b). Peremptory challenges may be made at any time according to good courtroom etiquette. At the conclusion of inquiry on each side, prior to passing the jury to opposing counsel, Peremptory challenges shall be exercised. Jurors then seated are to be deemed accepted if not challenged.

\* \* \* \* \* \*

In keeping with the opinions of the United States Supreme Court in *Batson v. Kentucky* (1986), 476 U.S. 79 [106 S.Ct. 1712, 90 L.Ed.2d 69] and *J.E.B. v. Alabama* (1994), —— U.S. —— [114 S.Ct. 1419, 128 L.Ed.2d 89], 62 U.S.L.W. 4219 parties wishing to exercise peremptory challenges

must approach the bench and justify their challenges based upon these opinions. R. 112. In compliance with this order, Attorney Hicks, Pfister's counsel, approached the bench after questioning a juror and attempted to remove the juror. The following dialogue between Mr. Hicks and the court occurred:

MR. HICKS: I'm striking Mr. Ford. Mr. Ford has been on the school board. He also, in terms of his answers, he was very curt with his answers. Didn't want to look the defendant in the eye, and didn't want to look me directly in the eye.

COURT: Challenge disallowed. Show some sort of conjunction to this case.

R. 221. The prosecution did not object to or challenge counsel's attempted removal of the juror.[1] When Mr. Hicks subsequently protested the court's denial of the peremptory challenge, the following discussion was had:

COURT: You can't have [Mr. Ford] off because you don't like the looks of him.

MR. HICKS: Well, I said some other things in there, too.

COURT: Well, I didn't hear any that had to do with this case.

MR. HICKS: But they weren't gender based, and they weren't (inaudible) either.

COURT: Yeah.

HICKS: Now, what I've got is I've got a guy on the jury that knows I tried to strike him.

COURT: Yeah.

R. 230–31. With that, the discussion ended and the trial court did not allow the peremptory challenge to juror Ford.

■ The United States Supreme Court decisions of *Batson v. Kentucky* (1986), 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69, and *J.E.B. v. Alabama* (1994), —— U.S. ——, 114 S.Ct. 1419, 128 L.Ed.2d 89, forbid the use of peremptory challenges to remove jurors based solely upon race or gender. Thus, the general rule being that a party may exercise a peremptory challenge to remove a juror for no reason whatsoever, *see Bond v. State* (1980), 273 Ind. 233, 403 N.E.2d 812, 816, *reh'g denied,* we recognize an exception to this general rule when a party attempts to remove a juror based solely upon race or gender. *See Koo v. State* (1994), Ind.App., 640 N.E.2d 95, *reh'g denied, trans. denied; Currin v. State* (1994), Ind.App., 638 N.E.2d 1319.

■ In raising a *Batson* or *J.E.B.* objection, the burden is on the opposing party to demonstrate that its opponent is attempting to remove a juror based solely upon race or gender. Once a prima facie showing has been made, the burden shifts to the party exercising the peremptory challenge to provide a neutral explanation for removing the juror.

As with race-based *Batson* claims, a party alleging gender discrimination must make a prima facie showing of intentional discrimination before the party exercising the challenge is required to explain the basis for the strike. *Batson,* 476 U.S. at 97, 106 S.Ct. at 1723. When an explanation is required, it need not arise to the level of a "for cause" challenge; rather, it merely must be based on a juror characteristic other than gender, and the proffered explanation may not be pretextual.

*J.E.B.,* —— U.S. at —— - ——, 114 S.Ct. at 1429–30.

■ Under the directions of the trial court's Voir Dire Order, Pfister was required to provide an explanation for every peremptory challenge, regardless of whether the prosecution raised a *Batson* or *J.E.B.* objection. The prosecution was required to make no prima facie showing of race or gender discrimination. Rather, the burden was wrongfully placed upon Pfister to justify every exercise of his peremptory challenges. And, the court denied Pfister's peremptory challenge when he did not provide an explanation that the court deemed satisfactory,

---

1. Mr. Hicks had previously removed three jurors from the venire. The record does not indicate whether these jurors were removed for cause or by way of a peremptory challenge. However, since Pfister was allotted five peremptory challenges, the mechanism through which the previous venire persons were removed is of no consequence. The State does not contest that Mr. Hicks attempted to exercise one of Pfister's remaining peremptory challenges to remove juror Ford.

despite the fact that Pfister's explanation included no implications of race or gender.

■ In Indiana, there is no constitutional right to exercise peremptory challenges. *Castro v. State* (1982), Ind.App., 442 N.E.2d 1141, 1142, *reh'g denied.* "The right to exercise peremptory challenges is a matter of statutory grant and cannot be expanded as a matter of right, nor restricted, by judicial interpretation." *Id.* Indiana Code 35–37–1–3(c) granted Pfister five peremptory challenges. We find that the trial court wrongfully restricted Pfister's statutory right to exercise these peremptory challenges. Pfister's failure to "[s]how some sort of conjunction to this case" when he exercised his peremptory challenge is not a proper ground upon which the trial court may deny a peremptory challenge.

> It is the settled view in Indiana that the peremptory challenge, which "has very old credentials", as Justice White put it, is exercised "without a reason stated, without inquiry and without being subject to the court's control."

*Merritt v. State* (1986), Ind., 488 N.E.2d 340 (citing *Swain v. Alabama* (1965), 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 *reh'g denied*).

In the wake of *Batson* and *J.E.B.*, we have repeatedly expressed concern over trial courts limiting the use of peremptory challenges. *See Koo*, 640 N.E.2d at 99 n. 4; *Currin*, 638 N.E.2d at 1324 n. 4. The State agrees that the trial court failed to comply with the guidelines of *Batson* and *J.E.B.* Brief of Appellee at 6. However, the State argues that Pfister has not been prejudiced from the denial of his peremptory challenge, and that we may not set aside a verdict unless refusal to take such action appears inconsistent with substantial justice. Ind. Trial Rule 61. We disagree, and find that Pfister was prejudiced by the wrongful denial of his peremptory challenge.

As Justice O'Connor stated in *J.E.B.*, —— U.S. at ——, 114 S.Ct. at 1431, which we have cited in *Koo*, 640 N.E.2d at 100 n. 4, and *Currin*, 638 N.E.2d at 1324 n. 4:

> "Peremptory challenges, by enabling each side to exclude those jurors it believes will be most partial toward the other side, are a means of eliminat[ing] extremes of partiality on both sides, thereby assuring the selection of a qualified and unbiased jury." ... Moreover, "[t]he essential nature of the peremptory challenge is that it is one exercised without a reason stated, without inquiry and without being subject to the court's control." ... Indeed, often a reason for it cannot be stated, for a trial lawyer's judgments about a juror's sympathies are sometimes based on experienced hunches and educated guesses, derived from a juror's ... "bare looks and gestures." ... That a trial lawyer's instinctive assessment of a juror's predisposition cannot meet the high standards of a challenge for cause does not mean that the lawyer's instinct is erroneous.... Our belief that experienced lawyers will often correctly intuit which jurors are likely to be the least sympathetic, and our understanding that the lawyer will often be unable to explain his intuition, are the very reason we cherish the peremptory challenge.

(Citations omitted). The trial court denied Pfister his statutory right to exercise a peremptory challenge to remove a juror. In so doing, the court denied Pfister an important tool with which he may assure that he is tried before a fair and impartial jury. We cannot agree with the State that Pfister was not prejudiced by the trial court's wrongful denial of his peremptory challenge.

REVERSED.

RILEY and RUCKER, JJ., concur.