RONALD LEE GROSS v. STATE OF INDIANA.

[No. 174S26· Filed January 28, 1974.]

*John G. Bunner,* of Evansville, for defendant-appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for plaintiff-appellee.

HUNTER, J.—This case is before this Court on petition to transfer. Appellant-petitioner was indicted for armed robbery on July 13, 1972, and after trial by jury, convicted as charged and sentenced to imprisonment for ten (10) years. The judgment of the Vanderburgh Circuit Court was affirmed by the Court of Appeals, First District, on September 11, 1973.

Appellant-petitioner contends that the trial court erred in approving Court's Instruction No. 15, which was given to the jury over his objection. Said instruction and the objection thereto read as follows:

"The defendant in this case has not taken the witness stand at a witness. Upon this question, I instruct the jury that the *statute of our Stat*e reads as follows:

"The defendant is a competent witness to testify in his own behalf. 'But if the defendant does not testify, his failure

to do so shall not be commented upon or referred to in the argument of the cause, nor commented upon, referred to, or in any manner considered by the jury trying the same; and it shall be the duty of the court, in such case, in its charge, to instruct the jury as to their duty under the provisions of this section.'

"The defendant objects to the Court's Instruction No. 15 for the reason that the Instruction points out and calls the Jury's attention to the fact that the defendant in the instant case did not take the witness stand to testify on his own behalf.

"The statute under which the Instruction was read to the Jury requires the Court to instruct the Jury as to their duty under the statute. Burns' Indiana Statutes, Volume 4, Part 1, Section 9-1603.

"It is the defendant's contention that this statute is unconstitutional and in violation of the Fourteenth Amendment to the Constitution of the United States and Constitution of the State of Indiana in that the statute requires the Court to point out and call attention to the fact that the defendant is a competent witness to testify in his own behalf and further points out that he did not in fact testify in his own behalf.

"Calling attention to any witnesses' testimony or indicating in any manner the weight which should be given to a witness' testimony is improper. Certainly to call attention to the fact that the defendant did not testify is prejudicial and although the Instruction advises the jury that they are not to consider his fact, nevertheless the jurors would necessarily consider the fact that the defendant did not testify in their deliberations." (Emphasis added.)

(The statute quoted in the instruction is found at IC 1971, 35-1-31-3 (Ind. Ann. Stat. § 9-1603 [1956 Repl.])).

It is appellant-petitioner's position that the giving of the above instruction over a timely entered objection and the statute requiring the instruction violate the mandate of *Griffin* v. *California* (1965), 380 U.S. 609, 85 S. Ct. 1229, 14 L. Ed. 2d 106. *Griffin* held that the Fifth Amendment forbids (1) prosecution comments regarding the accused's failure to testify; and (2) instructions by the court that the accused's silence is evidence of guilt. Appellant-petitioner argues that the *Griffin* proscription applies to the instruction given in this

case. He contends that the instruction is tantamount to the kind of judicial comment proscribed by *Griffin* in that said instruction exaggerates and emphasizes the accused's failure to take the stand.

Courts of other jurisdictions are evenly divided on the question of *Griffin's* applicability to instructions similar to the one given in this case. See, generally, 18 A. L. R. 3d 1335 and the cases cited and discussed therein. There is no definitive, controlling United States Supreme Court case resolving this very difficult issue.

Although unpersuaded that the narrow holding of the *Griffin* case is applicable to the situation at bar, we do believe that the Fifth Amendment privilege to remain silent can be seriously undermined when a judge comments in any way on the accused's decision not to testify.

The decision to remain silent is an often used trial tactic. For one reason or another, the accused and his counsel decide that the accused's interests will best be served by exercising Fifth Amendment prerogatives. In order for the privilege to be fully realized, it is essential that no aspersions whatsoever be cast upon the accused for his failure to testify. Thus, it is necessary to closely regulate all judicial (as well as prosecution) statements regarding the accused's silence.

We do not believe that all such judicial comments are violative of Fifth Amendment rights. However, we do believe that the *accused* should *request* any instruction which requires the jury not to draw negative inferences from an accused's silence, or *consent* (either expressly or impliedly) to the giving of the instruction. If, as a trial tactic, the defense determine's that such an instruction would assist its case, it may request the judge to so instruct. Furthermore, if the judge *sua sponte* offers to give the instruction, and the defense fails to object, the defense will be deemed to have consented to its submission. However, if the judge states his intention to submit the instruction and the defense

*does* object, the giving of the instruction constitutes an invasion of Fifth Amendment rights and judicial error.

For all the foregoing reasons, the judgment of the trial court is reversed, and the cause hereby remanded for a new trial.

Reversed and remanded.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 306 N. E. 2d 371.