RICHARD E. HILL *v.* STATE OF INDIANA.

[No. 976S292. Filed January 19, 1978.]

Marshall E. Williams, of Indianapolis, for appellant.

Theodore L. Sendak, Attorney General, Susan J. Davis, Deputy Attorney General, for appellee.

HUNTER, J.—Richard Hill, the defendant, was convicted for commission of a felony while armed, to-wit: robbery. This is an appeal from denial of his motion to correct errors. He raises seven issues:

1. Whether the trial court erred in giving to the jury the court's instruction number 30 over the defendant's objection;

2. Whether the trial court erred in allowing the police officers to testify regarding the defendant's statements to the police;

3. Whether the evidence was sufficient to support the verdict as to the element of defendant's age;

4. Whether the trial court erred in overruling defendant's motion to suppress and motion in limine regarding the state's exhibits numbers 2, 3, 4 and 6;

5. Whether the trial court erred in admitting into evidence the state's exhibit number 6;

6. Whether the trial court erred in allowing a state's witness to describe certain items of clothing as "men's clothing"; and

7. Whether the trial court erred in refusing to permit defense counsel on cross-examination to ask a state's witness about the conviction of defendant's former co-defendant.

The facts and evidence advanced at trial indicate the following. Two men entered the Duck Inn Tavern about 8:30 p.m. on November 18, 1974. Both men pulled guns. They took jewelry as well as cash. Three customers and the owner, John Poole, were present during the robbery. About two hours after the robbery police stopped the defendant on the street. The defendant denied participation in the robbery and told the police to talk to his girl friend. At this time, the owner of the tavern identified the defendant as being one of the robbers. Defendant's girl friend consented to a search of her apartment and the police found a watch and ring in a coat belonging to the defendant. They also found a jar of change rolled up in a rug on a porch. The girl friend said she had never seen this before and didn't know where it came from.

The defendant was subsequently charged by Information on November 21, 1974, and trial by jury was held on April 5, 1976. Defendant was adjudged guilty and sentenced to twelve years' imprisonment.

I.

The defendant's first allegation of error is that the trial court erred in giving court's instruction number 30, which was given to the jury over defendant's objection. This was the court's standard failure to testify instruction and reads as follows:

"A defendant may or may not testify in his own behalf, as he please and is not required to prove his innocence.

"In this case the defendant has not testified in his own behalf. It is your duty under our law not to comment upon, refer to, or in any manner consider this fact in making of any verdict you may return in this cause."

The defendant objected to this on the basis of *Gross* v. *State,* (1974) 261 Ind. 489, 306 N.E.2d 371. In that case, this Court held concerning an identical instruction:

"[I]f the judge states his intention to submit the instruction and the defense *does* object, the giving of the instruction constitutes an invasion of Fifth Amendment rights and judicial error." 261 Ind. 489, 491-492, 306 N.E.2d 371, 372.

As the state points out, there have been federal court cases which have held that it was *not* reversible error to give a similar instruction over a defendant's objection, *United States* v. *Bailey,* (7th Cir. 1975) 526 F.2d 139. However, a district court has also stated:

"Although such a refusal to honor the wishes of defendant has not been held to be reversible error, we believe, as several courts have suggested, . . . that the better practice in cases where there are no conflicting wishes of co-defendants, is for the trial judge to respect the tactical decisions of defense counsel." *United States* v. *Williams,* (D.C. Cir. 1975) 521 F.2d 950, 955.

Since there is no controlling United States Supreme Court case on this point, this Court may establish a stricter standard

than that of the federal district courts to protect an individual's rights against self-incrimination under the Fifth Amendment of the United States Constitution and the Indiana Constitution, Art. 1, § 14. This Court has said in *Gross, supra:*

> "The decision to remain silent is an often used trial tactic. For one reason or another, the accused and his counsel decide that the accused's interests will best be served by exercising Fifth Amendment prerogatives. In order for the privilege to be fully realized, it is essential that no aspersions whatsoever be cast upon the accused for his failure to testify." 261 Ind. 489, 491, 306 N.E.2d 371, 372.

Choice of trial tactics is within the province of the defendant and his counsel. The instruction pointedly calls to the attention of the jurors the fact that although the defendant had the right to testify, he had some personal reason for not doing so. It invites the jury to speculate on the reason. As we have held in *Gross, supra,* when the defendant does not choose to testify at his trial, it is reversible error for the court, over the defendant's objection, to instruct the jury on the failure to testify.

## II.

Each of the six remaining issues raised by the defendant concerns admission of evidence. Defendant first contends that the trial court erred in allowing the police officers to testify regarding the defendant's statement to the police. The record reveals four instances when the defendant spoke to the police. The first two occurred at 2200 North Talbot Street where the defendant was apprehended on the night of the robbery. The defendant spoke to two officers and told them he did not commit the robbery. Both officers had advised him of his constitutional rights before the defendant made his spontaneous replies. At trial, defendant objected to this testimony on the grounds that there was no proof of a knowing and intelligent waiver of his rights, but his objection was overruled. There was no error in admit-

ting this testimony. The requirements of warning and waiver imposed by *Miranda* v. *Arizona,* (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, apply only to custodial interrogation. *Cooper* v. *State,* (1972) 259 Ind. 107, 284 N.E.2d 799; *New* v. *State,* (1970) 254 Ind. 307, 259 N.E.2d 696. These statements were freely and voluntarily given after defendant had been advised of his constitutional rights. There was no attempt to interrogate the defendant at this point.

The other two statements were made to officers while he was being held in custody at the police station, and he was advised of his rights both times. The first time he refused to sign the standard waiver of rights form, but voluntarily answered the question concerning his name and age. The second time, defendant himself asked to talk to the police. There is no evidence in the record of any lengthy interrogation by the police or any unusual compelling influences. Defendant cannot contend that his constitutional rights were violated simply because he refused to sign a waiver form. Defendant was properly informed of his rights by the police officers, and there was no error in admitting his voluntary statements or the voluntary answer to the question concerning his name and age. *Cooper, supra,* and *New, supra.*

## III.

Defendant next contends that there is not sufficient evidence to support the element of age. Age is a necessary element to be alleged and proved to sustain a conviction for armed robbery. The only testimony of defendant's age was Detective Grant's testimony of what defendant had told him at the police station. As was discussed in the previous section, Grant's testimony was admissible and, therefore, there is sufficient evidence to support the requisite element of age. *Watson* v. *State,* (1957) 236 Ind. 329, 140 N.E.2d 109; *McGowan* v. *State,* (1977) 267 Ind. 16, 366 N.E.2d 1164.

## IV.

Defendant next contends that the trial court erred in overruling his motion in limine as to state's exhibits numbers 2, 3, 4 and 6. Exhibits numbers 2, 3, and 4 were a ring and two watches which had allegedly been taken during the robbery. State's exhibit number 6 was a jar of change which was found on the defendant's girl friend's porch the night of the robbery. Defendant did make a timely objection to the admission of exhibits numbers 2, 3, 4 and 6, as shown by the record.

Two police officers identified all these items as ones they found in the defendant's girl friend's apartment. The owner of the tavern identified the ring and watches as belonging to him. He also stated that the amount of change in the glass jar was about the amount of change that he kept in the cash register. The defendant's girl friend had never seen the jar of change before and did not know to whom it belonged. All these exhibits were sufficiently identified. Any fact which legitimately tends to connect the defendant with a crime is admissible even if only a reasonable inference may be deduced from such evidence. *Hamp* v. *State*, (1973) 157 Ind. App. 567, 301 N.E.2d 412.

The defendant also objected to the admission of these exhibits on the basis that the defendant had never consented to a search of the apartment and there was no search warrant. However, the record shows that the defendant's girl friend did consent to the search of her apartment. The consent to search is a valid exception to the search warrant requirement under Indiana law. *Muegel* v. *State*, (1971) 257 Ind. 146, 272 N.E.2d 617.

## V.

Defendant contends that state's exhibit number 6 was erroneously admitted because no relevancy to the crime was

shown. However, the test of relevancy is whether the evidence offered renders the desired inference more probable than it would be without the evidence. *Pirtle* v. *State*, (1975) 263 Ind. 16, 323 N.E.2d 634.

The defendant identified Miss Hyde as his girl friend. Miss Hyde identified the coat in which exhibits 2 and 3 were found as belonging to the defendant. She also testified that she had never seen the jar of change, state's exhibit 6, before. The amount of change in the jar was approximately the same as the amount of change taken during the robbery. These facts suggest a connection between state's exhibit 6 and the alleged offense as well as between the exhibit and the defendant. All evidence is relevant which tends to throw any light on the guilt or innocence of the defendant. *Kramer* v. *State*, (1974) 161 Ind. App. 619, 317 N.E.2d 203. There was no error in admitting state's exhibit number 6.

## VI.

Defendant has also objected to the police officer's testimony that there was "men's" clothing in the closet of Miss Hyde's apartment. This Court has held that any witness may testify as to the appearance of an object observed. *Baker* v. *State*, (1973) 260 Ind. 618, 298 N.E.2d 445. The fact that the police officer is not an expert in clothing goes to the weight and not the admissibility of his testimony. *Baker, supra.*

## VII.

Defendant finally alleges that the trial court erred in refusing to permit his cross-examination of a state's witness about his co-defendant. He was allowed to ask questions on cross-examination about a victim's identification of the co-defendant. But the trial court correctly refused to allow further questions about the co-defendant's

arrest and conviction. These facts would not be relevant as they would not throw any light on defendant's guilt or innocence. *Kramer* v. *State, supra.* The scope of cross-examination is within the sound discretion of the trial judge. *Robertson* v. *State,* (1974) 262 Ind. 562, 319 N.E.2d 833. The record does not show any abuse of this discretion.

We have answered the additional specifications of error because the same issues of evidence may arise at a new trial. For all the foregoing reasons stated in Issue I, the judgment of the trial court is reversed on that issue, affirmed on Issues II through VII, and the cause hereby remanded for a new trial.

Reversed and remanded for further proceedings not inconsistent with this opinion.

DeBruler and Prentice, JJ., concur; Pivarnik, J., dissents with opinion in which Givan, C.J., concurs.

### Dissenting Opinion

PIVARNIK, J.—I respectfully dissent from the majority opinion in this case, which reverses the trial court because of the giving of the instruction on the defendant's failure to testify. I disagree with the statement of the majority, taken from *Gross* v. *State,* (1974) 261 Ind. 489, 491-92, 306 N.E.2d 371, 372, to the effect that "if the judge states his intention to submit the instruction and the defense *does* object, the giving of the instruction constitutes an invasion of Fifth Amendment rights and judicial error."

The instruction given in this case was based on Ind. Code § 35-1-31-3 (Burns 1975), and explained to the jury that it was their duty not to comment upon, refer to, or in any manner consider the defendant's failure to testify in reaching their verdict. The same statute states that it is the duty of the court to so instruct the jury. It is well established, among the federal circuits, that it is not error for the court to give such an instruction on its own motion. *Sullivan* v. *Scafati,* (1st

Cir. 1970) 428 F.2d 1023, 1027, *cert. denied*, (1971) 400 U.S. 1001, 91 S.Ct. 478, 27 L.Ed.2d 452; *United States* v. *Garguilo*, (2d Cir. 1962) 310 F.2d 249, 252; *Bellard* v. *United States*, (5th Cir. 1966) 356 F.2d 437, 439, *cert. denied*, (1966) 385 U.S. 856, 87 S.Ct. 103, 17 L.Ed.2d 83; *United States* v. *Carter*, (6th Cir. 1970) 422 F.2d 519, 521; *United States* v. *Schwartz*, (7th Cir. 1968) 398 F.2d 464, 469-70, *cert. denied*, (1969) 393 U.S. 1062, 89 S.Ct. 714, 21 L.Ed.2d 705; *United States* v. *Martin*, (8th Cir. 1975) 511 F.2d 148, 152; *Coleman* v. *United States*, (9th Cir. 1966) 367 F.2d 388; *Hanks* v. *United States*, (10th Cir. 1968) 388 F.2d 171, 175, *cert. denied*, (1969) 393 U.S. 863, 89 S.Ct. 144, 21 L.Ed.2d 131. Further, such instructions have been held proper even over an objection by the defendant, as was made in the present case. *United States* v. *Garguilo, supra; United States* v. *McGann*, (5th Cir. 1970) 431 F.2d 1104, 1109, *cert. denied*, (1971) 401 U.S. 919, 91 S.Ct. 904, 27 L.Ed.2d 81; *United States* v. *Wick*, (7th Cir. 1969) 416 F.2d 61, 63, *cert. denied*, (1969) 396 U.S. 961, 90 S.Ct. 436, 24 L.Ed.2d 429; *Franano* v. *United States*, (W.D. Mo. 1965) 243 F.Supp. 709, 711-12. In support of cautionary instructions on the defendant's failure to testify, it was said in *Garguilo, supra*, 310 F.2d at 252:

> "It is far from clear that such an instruction is prejudicial to a defendant; the chances are rather that it is helpful. The jurors have observed the defendant's failure to take the stand; in the absence of instruction, nothing could be more natural than for them to draw an adverse inference from the lack of testimony by the very person who should know the facts best."

In the case of *United States* v. *Williams*, (D.C. Cir. 1975) 521 F.2d 950, cited by the majority, the situation was very different from that presented in the present case. No instruction concerning failure to testify was given in *Williams*, because one of the two co-defendants requested such an instruction and the other did not. The opinion held that this refusal of the court was not erroneous because the appellant, who had requested the instruction, did not distinctly state the

ground upon which he objected when the court refused to give the instruction. On the merits, however, the court stated, at 521 F.2d at 955:

"Adherence to a rule requiring the reading of a general instruction [on failure to testify under 18 U.S.C. § 3481 (1970)] when requested by one defendant, regardless of the wishes of codefendants, would protect the statutory right without interfering with any substantial interests of codefendants."

Thus, the *Williams* case actually favored the reading of failure to testify instructions, and found no constitutional problems in them. *Williams* did imply, by way of footnote, that it might be "better practice" to respect a tactical decision of a defendant not to have such an instruction read. The opinion of Judge Learned Hand in *Becher* v. *United States,* (2d Cir. 1924) 5 F.2d 45, *cert. denied,* (1925) 267 U.S. 602, 45 S.Ct. 462, 69 L.Ed.2d 808, was cited as authority for this proposition. The full statement of Judge Hand relative to this issue, however, was as follows:

"It is no doubt better if a defendant requests no charge upon the subject, for the trial judge to say nothing about it; *but to say that when he does, it is error, carries the doctrine of self-incrimination to an absurdity." Becher, id.,* at 49 (emphasis added).

It is true, as stated by the majority, that choice of trial tactics is within the province of the defendant and his counsel. The same can be said of each and every party in each and every trial before a court. However, the conduct and handling of the cause by the presiding judge is not directed by the trial tactics of the parties, and failure to yield to them is not error unless the court in fact violates the law. Neither the instruction given here nor the court's action in giving it was a violation of the Fifth Amendment; in fact, the instruction was a correct statement of the law. The statement of this court in *Gross,* that the operation of the Fifth Amendment is dependent upon the defendant's choice of whether or not to object to the instruction, is simply incorrect. A given

action of the trial court either violates the Fifth Amendment or it does not. If the law were otherwise, cases with multiple defendants, where one defendant requests a failure to testify instruction and another does not, would present constitutional dilemmas incapable of resolution.

There is no question but that *Griffin* v. *California*, (1965) 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, presented a set of facts far different from this case. There, the trial court followed a provision of the California constitution and instructed the jury that they had a right to consider the failure of the defendant to explain or deny the evidence against him. Without question, such an instruction would be reversible error under Ind. Code § 35-1-31-3 (Burns 1975). Even in the face of such a strong comment on failure to testify, however, Justices Stewart and White dissented. Justice Stewart's opinion is especially applicable to the situation of the present case and the neutral and cautionary instruction given:

"The . . . procedure is not only designed to protect the defendant against unwarranted inferences which might be drawn by an uninformed jury; it is also an attempt by the State to recognize and articulate what it believes to be the natural probative force of certain facts. Surely no one would deny that the State has an important interest in throwing the light of rational discussion on that which transpires in the course of a trial, both to protect the defendant from the very real dangers of silence and to shape a legal process designed to ascertain the truth." *Griffin, id.,* 380 U.S. at 622, 85 S.Ct. at 1237, 14 L.Ed.2d at 114.

The instruction given in this case was an accurate statement of the law applicable to the conduct of the defendant observed by the jury. The Fifth Amendment does not mandate that this law be kept a secret from the jury.

Givan, C.J., concurs.

NOTE.—Reported at 371 N.E.2d 1303.