**Darryl PRIEST, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 578S92.

Supreme Court of Indiana.

March 9, 1979.

Stephen R. Goot, Hammond, for appellant.

Theo L. Sendak, Atty. Gen., Dennis K. McKinney, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Darryl Priest was found guilty of the crime of inflicting an injury in the commission of a robbery, Ind.Code § 35–13–4–6 (Burns 1972), by a jury in the Lake County Superior Court, Criminal Division, and was sentenced to prison for life. Appellant contends (1) that the evidence of his guilt was insufficient, and (2) that the trial court committed error in giving a final instruction concerning the failure of the accused to testify.

## · I.

■ The statute pursuant to which appellant was charged provides in relevant part as follows:

"Whoever takes from the person of another any article of value by violence or by putting in fear, is guilty of robbery . . . .. Whoever inflicts any wound or other physical injury upon any person with any firearm, dirk, stiletto, bludgeon, billy, club, blackjack, or any other deadly or dangerous weapon or instrument while engaged in the commission of a robbery, or while attempting to commit a robbery, shall, upon conviction, be imprisoned in the state prison for life."

This Court has heretofore outlined the elements of this offense in *Johnson v. State*, (1977) 253 Ind. 570, 255 N.E.2d 803, in the following manner:

"Under the offense charged, to-wit: inflicting physical injury while engaged in the commission of a robbery, four elements must be proven beyond a reasonable doubt:

(1) The infliction of physical injury;

(2) The taking from the person of another;

(3) An article of value;

(4) By violence or putting in fear." 253 Ind. at 573, 255 N.E.2d at 805.

In determining whether the evidence was sufficient to support the verdict we do not weigh the evidence nor resolve questions of credibility but look to the evidence and reasonable inferences therefrom which support the verdict. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Glover v. State*, (1970) 253 Ind. 536, 255 N.E.2d 657.

■ Most of the evidence upon which this conviction is based came from one Jennings, the alleged victim of the robbery. He testified that he left work at midnight on August 21, 1977, and met a friend at a restaurant in Gary where he stayed drink-

ing until 4:30 or 5:00 a. m. He took his friend home and then drove to a bar in Gary. He stopped, parked his car near the bar, and got out. As he did so, four men approached him. He testified that appellant was one of these men and that appellant was armed with a gun and was leading the group. It was light outside and appellant had on no mask or hat. Appellant approached within two feet of Jennings, held the gun on Jennings, and asked, "You got a gun?" Jennings answered, "Yes." Others in the group then searched Jennings and took his wallet containing $57.00, a .22 pistol, and car keys. Appellant then marched Jennings to the alley nearby, cursed him, and shot him at least once through the left leg. In identifying appellant as his assailant, the witness Jennings testified as follows:

"Q. Is there any question in your mind as to who shot you that morning in the alley behind Washington Street?

A. No.

Q. Is there any question in your mind it was this defendant in this courtroom this morning?

A. I know that."

After the shooting appellant drove away in Jennings' car with the others. The entire episode had lasted several minutes. The victim was hospitalized for sixteen days and required surgery. Clearly, the testimony of this witness provided sufficient evidence of appellant's commission of the criminal charge made, that of having inflicted an injury upon Jennings with a firearm while engaged in taking articles of value from his person by violence or putting in fear. The verdict of guilty is supported by sufficient evidence.

## II.

◼ Appellant asks this Court to decide whether the Fifth Amendment to the United States Constitution and Article 1, Section 14, of the Indiana Constitution, both guaranteeing the privilege against self-incrimination, prohibit the trial court from giving an instruction referring to the duty of the jury to ignore the fact that the accused did not testify in his own behalf at trial. Instruction No. 10 was given by the trial court and stated:

"The defendant is a competent witness to testify in his own behalf, and he may testify in his own behalf or not, as he may choose. In this case the defendant has not testified in his own behalf, and this fact is not to be considered by the jury as any evidence of guilt, neither has the jury any right to comment upon, refer to, or in any matter consider the fact that the defendant did not testify in arriving at your verdict in this case."

Appellant made no objection to the instruction in the trial court.

In Gross v. State, (1974) 261 Ind. 489, 306 N.E.2d 371, this Court unanimously reversed an armed robbery conviction on the sole ground that an instruction of identical import had been given by the trial court over objection that it invaded the privilege against self-incrimination. The Court, upon consideration of the issue, concluded that judicial reference in instructions to the fact that the accused did not testify during the trial could, in the individual case, prevent the full realization of the privilege. The Court further concluded that it was the accused who could best gauge whether the instruction would as a practical matter encourage or discourage the jury in drawing forbidden inferences of guilt from his failure to testify. These premises of the Court's holding were reaffirmed recently over the strong and scholarly dissent of Justice Pivarnik, with Chief Justice Givan concurring, in Hill v. State, (1978) Ind., 371 N.E.2d 1303. The Court then erected the mechanism for attaining its purpose of permitting the accused to choose whether the instruction is to be given or not. Under Gross, if the accused does not object to the instruction when proposed, he has communicated to the judge that he has assessed the potential impact of it and consents to its being given. The trial of appellant occurred in 1977 following the decision of Gross by this Court in 1974, and, therefore, appellant's trial was governed by the requirements of Gross. The failure of appellant to object to the instruction was consent

to the instruction of which he now complains and, therefore, no error occurred when it was given.

It was duly noted in *Hill* and *Gross* that at the time those cases were decided the Supreme Court of the United States had not yet decided whether instructions of the genre presented here violated Fifth Amendment rights. Following our decision in the *Hill* case which was handed down in January, 1978, the Supreme Court in March, 1978, decided the case of *Lakeside v. Oregon*, (1978) 435 U.S. 333, 98 S.Ct. 1091, 55 L.Ed.2d 319, and held that instructions such as the one presented in this case are not impermissible comment on the failure to testify when given over objection. That decision is on all fours with the dissenting opinion of Justices Pivarnik and Givan in *Hill*, and the federal constitutional underpinning no longer supports our holding in *Gross*. However, that Court alerted the states as follows:

"It may be wise for a trial judge not to give such a cautionary instruction over a defendant's objection. And each State is, of course, free to forbid its trial judges from doing so as a matter of state law. We hold only that the giving of such an instruction over the defendant's objection does not violate the privilege against compulsory self-incrimination guaranteed by the Fifth and Fourteenth Amendments." 98 S.Ct. at 1095.

We are alerted and recall that this Court has traditionally maintained an acute level of judicial vigilance in assuring that practical, timely and realistic measures be taken to afford protection for the privilege against self-incrimination, the same basic right implicated in the decision to give the type of instruction presented here. *State ex rel. Pollard v. Criminal Court of Marion County*, (1975) 263 Ind. 236, 329 N.E.2d 573, (the privilege in grand jury witnesses); *Haskett v. State*, (1970) 255 Ind. 206, 263 N.E.2d 529, (the privilege at a criminal sexual psychopath hearing); *Beck v. State*, (1968) 250 Ind. 276, 235 N.E.2d 699, (application of *Miranda* requirements to retrials); *Lewis v. State*, (1972) 259 Ind. 431, 288 N.E.2d 138 (the privilege in juveniles). Under Indiana law, for example, the State must prove a waiver of the privilege against self-incrimination to the satisfaction of the judge beyond a reasonable doubt before a confession can be admitted at trial. *Burton v. State*, (1973) 260 Ind. 94, 292 N.E.2d 790; *Ortiz v. State*, (1976) 265 Ind. 549, 356 N.E.2d 1188. While at the same time the requirements of the Fifth Amendment to the United States Constitution are satisfied by proof in the same context by a mere preponderance of the evidence. *Lego v. Twomey*, (1972) 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618. In fact, this Court has always recognized that a construction of Indiana constitutional provisions by this Court is an independent judicial act in which federal cases play only a persuasive role. *Reilly v. Robertson*, (1977) 266 Ind. 29, 360 N.E.2d 171. With due regard for our responsibilities as state judges, we have re-examined our holding in *Gross* and *Hill* in light of reasoning and evaluation of interests revealed in *Lakeside*. Having done so, we remain convinced that the basic premises of this Court's reasoning in *Gross* and *Hill* are sound and that the mechanism erected therein for the accused to choose whether to have the jury given an instruction regarding his failure to testify is a requisite for full realization of the right of each citizen granted by Article 1, Section 14, that "No person, in any criminal prosecution, shall be compelled to testify against himself." Therefore, in accordance with the *Lakeside* case, we hold that the giving of the challenged instruction did not violate the rights of the accused guaranteed by the Fifth and Fourteenth Amendments to the Constitution, and in accordance with the above reasoning hold that such instruction did not violate the appellant's right under Article 1, Section 14, of the Indiana Constitution and was not error, because appellant did not object to it and thereby consented to its submission.

The judgment is affirmed.

HUNTER and PRENTICE, JJ., concur.

GIVAN, C. J., and PIVARNIK, J., concur in result.