Albert David LEE, Appellant,

v.

STATE of Indiana, Appellee.

No. 180S22.

Supreme Court of Indiana.

Aug. 20, 1981.

William J. Dougherty, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Janis L. Summers, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Albert David Lee was convicted after a trial by jury of robbery, a class B felony, Ind.Code § 35–42–5–1, and was sentenced to a term of twelve years in prison. His appeal raises two issues: (1) whether the trial court erred in giving a certain preliminary instruction; and (2) whether testimony about statements Lee made after his arrest was improperly admitted by the trial court.

1.

The trial court gave the following preliminary instruction to the jurors when they were sworn:

"Under the law of the State of Indiana, a person charged with the commission of a crime is a competent witness to testify in his own behalf. However, a person charged with the commission of crime cannot be compelled to testify and is under no duty or obligation to testify; and that failure of such person to testify must not be considered in any manner, by the jury trying such person.

"And the court now instructs you that if the defendant in this case shall testify in his own behalf, his testimony is to be taken and considered and weighed by the jury the same as that of any other witness in this case."

Defense counsel made a timely objection, giving the following reason: "Citing *Gray v. State*, Judge. The client doesn't have to testify. The instruction shouldn't be in there." The court overruled the objection. Lee did not testify at the trial.

On appeal Lee correctly argues, and the State concedes, that had the quoted instruction been given as a final instruction over a defendant's objection, we would have reversed. In *Gross v. State*, (1974) 261 Ind. 489, 306 N.E.2d 371, we held that instructing the jury not to draw any inferences from a defendant's failure to testify can seriously undermine a defendant's Fifth Amendment privilege to remain silent by drawing the jurors' attention to the failure and by inviting them to speculate on the reason for it. See also *Hill v. State*, (1978) 267 Ind. 480, 371 N.E.2d 1303.

Since those cases were decided the United States Supreme Court has held that the giving of a similar instruction over objection does not violate the privilege against compulsory self-incrimination guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution. *Lakeside v. Oregon*, (1978) 435 U.S. 333, 98 S.Ct. 1091, 55 L.Ed.2d 319. The court said, however, that "[i]t may be wise for a trial judge not to give such a cautionary instruction over a defendant's objection. And each state is, of course, free to forbid its trial judges from doing so as a matter of state law." 98 S.Ct. at 1095.

In *Priest v. State* (1979), Ind., 386 N.E.2d 686, this Court re-examined *Gross* and *Hill* in light of the *Lakeside* decision and in light of the Indiana Constitution, Art. I, § 14, which provides:

"No person, in any criminal prosecution, shall be compelled to testify against himself."

We said:

"[W]e remain convinced that the basic premises of this Court's reasoning in *Gross* and *Hill* are sound and that the mechanism erected therein for the accused to choose whether to have the jury given an instruction regarding his failure to testify is a requisite for full realization of the right of each citizen granted by Article 1, Section 14...." 386 N.E.2d at 689.

The issue before us now is whether the giving of the instruction at the preliminary stage over objection is similarly forbidden under Indiana law.

At the close of final argument, the trial judge in his first final instruction told the jurors that he would not re-read the preliminary instructions but instructed that "you will have these instructions in mind, and will consider them along with the following closing instructions...." Lee's counsel stated that he had no objection to the final instructions. Lee claims that this cautionary instruction, although given before the opening of the State's case, was improper under *Gross* and *Hill* and requires reversal of his conviction.

■ The State raises the bar of waiver in two respects. First, it argues that the issue has not been preserved for appellate review because Lee's objection was not specific enough under Ind.R.Tr.P. 51(C) to direct the trial court's attention to the reasoning and authorities behind the objection. The case citation indeed was unhelpful. The reasoning, although terse, nevertheless did draw the court's attention to the crux of the problem posed by the instruction—self-incrimination. We hold that the objection was sufficiently specific and that there was no waiver here.

■ The State's other claim is that Lee waived his original objection by failing to renew it when the court gave its final instructions incorporating by reference the instruction at issue. Since the court had already ruled directly on the instruction, we think that further objection would have been futile. There is no claim that Lee indicated withdrawal of his objection. It was not necessary for Lee to have renewed his original objection, and there was no waiver.

We now turn to the claim that the rationale of *Gross, supra* and *Hill, supra*, should extend to preliminary instructions properly objected to, and requires reversal here.

The State maintains that the preliminary instruction was merely a cautionary one that enlightened the jury and was not a prejudicial expression about the failure to testify, and that it was logical at that point in the trial for the court "to instruct that no adverse implications should result if [the defendant] does not testify." We do not agree.

In *Frasier v. State*, (1977) 267 Ind. 24, 366 N.E.2d 1166, an appellant raised the same issue in an appeal from the denial of a petition for post-conviction relief. We deemed the issue to have been waived by failure to raise it properly on direct appeal. We said in passing:

> "[T]he instruction found to have been objectionable in *Gross v. State, supra*, was a final instruction. Without deciding the question, it is immediately apparent that the reasoning of that case *may* not be applicable with respect to a preliminary instruction covering the same legal principle." (Emphasis added.) 267 Ind. at 27, 366 N.E.2d 1166.

Upon examining the issue now, we conclude that the reasoning of *Gross* is applicable to a preliminary instruction covering the same legal principle.

The evil to be avoided is the drawing of the jurors' attention to the defendant's failure to testify. When the defendant has made the judgment that the instruction has this undesired effect, the court is obligated to protect the defendant's privilege against self-incrimination by omitting the instruction.

*Gross, supra*, and *Hill, supra*, do not permit, over objection, an instruction that invites the jury to speculate retrospectively about a defendant's failure to testify. The same evil results when the jury's attention is drawn to this at the outset.

We now hold that an instruction on the defendant's failure to testify, given, over a timely and specific objection, as a preliminary instruction impermissibly invites the jury to speculate prospectively about whether the defendant will testify and why the defendant may choose not to, and requires reversal.

2.

Because the second issue is likely to arise on retrial, we now turn to it. Lee claims that the trial court permitted a witness, police detective Donald Wright, to testify over objection about a statement Lee made to the detective concerning his home address after Lee asserted his constitutional right to remain silent. The car described by the victim as having been used in the robbery was later found at the address.

At one point in Wright's testimony defense counsel asked him: "Did someone tell you who lived [at the address given by Lee]." Wright replied "Mr. Lee said his mother and him both lived there." Defense counsel then asked: "This was after you gave him his rights and he said he didn't want to talk?" Wright replied, "Yes." Later, however, the following discourse took place:

"Q. [John T. Alden, Jr., Deputy Prosecutor]: And after advising him of his rights what did you ask him?

A. [Don Wright, Detective Sergeant]: One of the first questions I asked him was in reference to the address where he was arrested and the address—

Mr. Hawkins [Defense counsel]: Preliminary Question, Judge.

Q. Did my client tell you that he didn't want to talk to you?

A. Not at that point.

Mr. Hawkins: No further questions.

Q. [By Mr. Alden]: You asked him his address and what else?

A. And in reference to the address that I had found on North Chester, what address that was, and he stated that it was his or his mother's, but he was living on Washington Street at that time. Then I started talking about the robbery and advising him what he was under arrest for, and at that time he stated that he didn't want to talk about it."

**1014**

This conflicting evidence concerning whether any statements were elicited after Lee asserted his right to remain silent was to be evaluated by the trial judge. There was sufficient evidence from which the judge could have concluded that all the statements attributed to Lee were made before he expressed his wish to end the discussion. The testimony was properly admitted.

The conviction is reversed and remanded.

GIVAN, C. J., and HUNTER and PRENTICE, JJ., concur.

PIVARNIK, J., dissents without opinion.