Steve HUNTER, Appellant,

v.

STATE of Indiana, Appellee.

No. 1284S490.

Supreme Court of Indiana.

May 21, 1986.

⚖️24.1(3)

Hugh G. Baker, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., and Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Steve Hunter was convicted at the conclusion of a jury trial in the Marion Superior Court of five (5) counts of robbery, class B felonies, and one count of confinement, a class B felony. The trial court sentenced him to six (6) consecutive sentences of twenty (20) years each, for a total sentence of 120 years. The following issues are raised for our consideration on direct appeal:

1. whether the trial court erred in refusing Appellant's Tendered Instruction No. 1;

2. whether the trial court erred in excluding evidence of certain witnesses' prior criminal conduct;

3. whether the trial court erred in not striking the testimony of Linnell Beard;

4. whether the trial court erred in admitting certain photographs;

5. whether the sentence imposed was an abuse of discretion; and

6. whether Appellant's conviction was based on sufficient evidence.

On January 24, 1984 Appellant robbed, at gunpoint, the Indiana National Bank at 62nd Street and Michigan Road in Indianapolis. The robbery was photographed by the Bank's automatic camera. Appellant took the assistant manager hostage and stole at least two vehicles while fleeing. In exchange for testimony implicating Appellant, the State offered immunity to two friends of Appellant who were not present at the robbery.

I

Appellant Hunter was tried together with his co-defendant, Charles Hatcher. Although Hatcher moved to sever their trials, Hunter did not, and, in fact, declined an offer by the court to do so.

■ Hunter requested the giving of his Tendered Instruction No. 1, which was an

instruction to the jury that no adverse inference be drawn by his election not to testify. Hatcher objected to the giving of such an instruction. The trial court then asked Hunter if he wanted severance of his jury trial but he responded through his counsel: "We're just requesting that instruction to be given. And we would like our objection noted as not being given at this point." The trial court did not give a "no adverse inference" instruction to the jury. Hunter now claims the trial court erred by failing to give the instruction upon his request.

The United States Supreme Court in *Lakeside v. Oregon* (1978), 435 U.S. 333, 340–341, 98 S.Ct. 1091, 1095, 55 L.Ed.2d 319, 326, held that the giving of such a cautionary instruction over a defendant's objection does not violate the United States Constitution's Fifth and Fourteenth Amendment privilege against compulsory self-incrimination. It further held that each State is free to forbid its trial judges from doing so as a matter of state law, but remarked it would be wise for a judge not to give such a remark over objection. This Court has held that any defendant is entitled to make the determination for himself whether or not the instruction should be given, and therefore, the objection to the giving of a no adverse inference instruction must preclude its being given. *See Gross v. State* (1974), 261 Ind. 489, 306 N.E.2d 371. We have also held that if a request is made *for* the giving of this instruction, the trial court should give it and failure to do so will result in reversal unless the State shows that the error was harmless beyond a reasonable doubt. *Parker v. State* (1981), Ind., 425 N.E.2d 628, 630; *Priest v. State* (1979), 270 Ind. 449, 454, 386 N.E.2d 686, 689 (Givan, C.J., and Pivarnik, J., concurring in result); *Hill v. State* (1978), 267 Ind. 480, 371 N.E.2d 1303 (Givan, C.J., and Pivarnik, J., dissenting); *Gross,* 261 Ind. at 491, 306 N.E.2d at 372.

By his actions here, Hunter placed the trial court on the horns of a dilemma which made it impossible for it to refrain from committing error. The trial court gave Hunter the opportunity to resolve this di-lemma by offering to sever the trials as Hatcher had, in fact, requested, but Hunter declined to accept that alternative. He therefore has waived any error the court might have committed in resolving the matter as he did.

## II

■ Hunter claims the trial court erred in sustaining the State's objection to cross-examination of witnesses Howard Smith and Anthony Thompson concerning their prior criminal activities. Smith was granted immunity from prosecution in this cause for his testimony for the State that, although he was not present at the robbery, he received money for providing the weapons used. Thompson was given similar immunity for his testimony that Hunter told him, Thompson, that Hunter had just committed a robbery. Hunter sought to show that Smith had two previous convictions under the 1935 Firearms Act and, further, that he was not prosecuted currently despite illegally possessing firearms. Hunter further sought to question Thompson concerning a "cleanup statement" he had made admitting certain robberies not related to the present one. The trial court sustained the State's objection to this testimony on the grounds that Smith's convictions for the 1935 Firearms Act violations were not among those enumerated crimes authorized for impeachment purposes pursuant to *Ashton v. Anderson* (1972) 258 Ind. 51, 57, 279 N.E.2d 210, 213, which limits admission for impeaching the credibility of a witness to the crimes of treason, murder, rape, arson, burglary, robbery, kidnapping, forgery, willful and corrupt perjury, or those crimes involving dishonesty or false statement. The court further held that the robberies referred to in Thompson's "cleanup statement" had not been reduced to convictions, and therefore were not admissible. *Id.*

■ The trial court was correct in both of these rulings. Hunter further argues that evidence of Smith's Firearms Act convictions and Thompson's "cleanup state-

ment" should have been admitted to indicate bias and prejudice due to the desire of the witnesses to gain favor with the State. This same argument was addressed in *Davidson v. State* (1982), Ind., 442 N.E.2d 1076, 1078–1079, and was resolved contrary to Hunter's position. The trial court did not err in any of these rulings.

### III

Hunter next contends the trial court erred in failing to strike the testimony of Linnell Beard. On direct examination the State asked Beard, an alleged co-conspirator, only his name, address, and where he was currently residing. Hunter objected without giving any basis for the objection, but was overruled. In his Motion to Correct Errors Appellant alleged the testimony was irrelevant. He now argues that the testimony was introduced only to elicit the prejudicial fact that he was currently residing in jail, thereby creating the impression he had been convicted of the instant robbery.

 Extensive discussion in the record concerning this issue illustrates that Beard was called as a witness to allow the jury to view him and compare his appearance with that of the third man in the bank photographs. The State's direct examination was limited because Beard was asserting his right against self incrimination, but the questions answered were relevant to his identity. The trial court then properly allowed Hunter to cross-examine Beard concerning any matters related to his name, address, or changes in appearance. Furthermore, by asserting different grounds for objection at trial, in his Motion to Correct Errors, and on appeal, Hunter has waived this issue. *Johnson v. State* (1985), Ind., 472 N.E.2d 892, 909–910, *reh. denied* (1985).

### IV

Appellant also alleges the trial court erred in admitting certain photographs. He objects to State's Exhibits Nos. 287 and 341, his "mug shots," because they suggested to the jury that he had a criminal record.

 Previously, we have stated that the danger in admitting "mug shots" is that it shows the "well-known frontal and profile view of a person with prison numbers and legend thereon referring to arrests or convictions [and] that there is an implication that pictures were taken some time in the past when the defendant was charged or convicted of past crimes." *Teague v. State* (1978), 269 Ind. 103, 112, 379 N.E.2d 418, 422, *reh. denied* (1978).

The exhibits at issue are frontal photographs of Hunter, cropped off at the shoulders; no prison numbers or legends are visible. The photographs here are distinguished from those in *Strong v. State* (1982), Ind., 435 N.E.2d 969, *reh. denied* (1982) where the prison numbers and legends are merely covered up, allowing the jury to lift the cover and view the prejudicial material.

 Hunter further alleges State's Exhibits Nos. 1–279 were improperly admitted in that they were cumulative and repetitive. The exhibits are still pictures taken from the bank's automatic camera which filmed the robbery in progress. Hunter concedes that cumulative evidence is not inadmissible *per se*, and that it is relevant to illustrate testimony of a witness even if it is cumulative. *Citing Hyde v. State* (1983), Ind., 451 N.E.2d 648, 650; *Chittenden v. State* (1982), Ind., 436 N.E.2d 86, 87. He further concedes that the admission of cumulative evidence is within the discretion of the trial court. *Citing Hedges v. State* (1982), Ind., 443 N.E.2d 62, 67. Hunter then summarily states that the exhibits served only to bolster testimony of the witnesses and was unnecessary. He cites no legal authority in support of his position, and thus waives the issue. *Johnson*, 472 N.E.2d at 904. Furthermore, Hunter has failed to show why admission of the photographs was an abuse of discretion other than to summarily state they were unnecessary.

## V

Hunter contends his sentence was an abuse of discretion because the trial court did not properly state the aggravating factors considered. Hunter was convicted of six class B felonies and sentenced to six consecutive sentences of twenty years. In order to carry out our function of reviewing the trial court's exercise of discretion in sentencing, we must be told of its reasons for imposing the sentence. *Jones v. State* (1984), Ind., 467 N.E.2d 681, 683. Here, the trial court stated it had considered the Pre-Sentence Investigation Report; Hunter's comments, as well as those of his attorney; the risk that Hunter would commit other crimes; the nature and circumstances of the current offense; Hunter's prior criminal record; and his character and condition. The trial court specifically set forth Hunter's criminal history as an aggravating factor, including: armed robbery, assault with intent to kill, two counts of disorderly conduct, two counts of visiting a common nuisance, three counts of theft, robbery, carrying a handgun without a license, speeding, driving without an auto registration, and the instant offenses. In view of his lengthy criminal past, Hunter was adjudged in need of correctional rehabilitation. Further, the trial court found that a reduced sentence would depreciate the seriousness of the crimes. The trial court also noted that two of the victims were over the age of sixty-five. This explanation of the trial court's reasons for imposing an aggravated sentence provides an adequate record for us to review, and in doing so we find no error in the sentence.

## VI

Finally, Hunter maintains his conviction for armed robbery of Bernard Lee's automobile was based on insufficient evidence. Hunter maintains there was no evidence of the essential element of asportation, the removal of the automobile from one place to another.

Where the sufficiency of the evidence is challenged on review, this Court will neither weigh the evidence nor determine the credibility of witnesses; rather, we will look to the evidence most favorable to the State together with all reasonable inferences therefrom. We will then determine if there is substantial evidence of probative value from which the trier of fact might reasonably infer guilt beyond a reasonable doubt. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937. We have further held that the evidence of asportation need only show that the item was moved a slight distance; the distance need not be substantial. *Neal v. State* (1938), 214 Ind. 328, 341, 14 N.E.2d 590, 596, *reh. denied* (1938). In the present case, Mr. Lee testified that although Hunter did not leave the scene of the robbery in the car, he did drive it into a ditch where it became stuck. When Lee returned to the scene with the sheriff, the car was not in the place where he left it. This is sufficient evidence to prove the element of asportation.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.