Richard L. LEGGS, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8601–CR–96.

Supreme Court of Indiana.

Dec. 18, 1986.

scene of the recovery of the vehicle. The officer who had observed the vehicle and apprehended the suspects testified that Appellant was in the driver's seat.

William F. Thoms, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., and Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Richard L. Leggs was convicted of two counts of robbery, a class B felony, at the conclusion of a jury trial in the Marion County Superior Court. He was sentenced to fifteen (15) years on each count, to be served concurrently. On direct appeal, the following issues are raised:

1. sufficiency of the evidence; and

2. admission of certain evidence.

On April 10, 1984, Edward Burse, Sam Abron, and Travis Harris went to the Sunset Tavern at Blake and Indiana Avenues in Indianapolis. They drove there in Burse's blue and white 1976 Plymouth Arrow. As they prepared to leave the tavern at the end of the evening, Carl Blackburn, a recent acquaintance, asked for a ride home. The four men got in Burse's vehicle, with Burse driving and Blackburn in the front passenger seat. Shortly, Blackburn asked Burse to stop the car so that he could speak to two friends, one of whom was Appellant. Blackburn returned to the car about three minutes later, pulled out a gun, and forced Burse, Abron, and Harris to exit the car. He searched the three men and took a knife and jacket from Abron, and car keys, money, and a wallet from Burse. Blackburn then motioned for his two friends to get in the car, and the three drove away, threatening to kill the victims. Harris testified that Appellant drove the car away. The victims notified the police, who received information about fifteen minutes later that the vehicle had been located at 21st and McLain Streets. The three victims identified Appellant at the

I

Where sufficiency of the evidence is challenged on appeal, we will not weigh the evidence or judge the credibility of the witnesses; rather, we look to the evidence most favorable to the State and all reasonable inferences therefrom. If there is a substantial body of probative evidence from which the jury could reasonably infer guilt, the verdict will not be disturbed. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937.

Appellant's entire argument is based upon the premise that he could not have taken part in the robbery because he was not present until after the robbery had been completed. However, there was substantial evidence that it was Appellant who drove the stolen automobile away from the robbery, thus satisfying the elements of Count II, the robbery of Burse. Furthermore, the facts, as related above, are sufficient to allow the jury to infer that Appellant, although he did not actually hold the gun or take the stolen items from the victims, was an accomplice of Blackburn, and aided Blackburn in the robbery and subsequent escape. As an accomplice, Appellant is therefore liable also for the acts of Blackburn. *Manns v. State* (1985), Ind., 472 N.E.2d 918, 922.

II

Appellant further alleges the trial court erred in allowing evidence of an alleged subsequent crime which was irrelevant and prejudicial.

Upon Officer Swarm apprehending the suspects, a fourth individual, one William Telfar also was found in the car. He was injured, and subsequently was transported to the hospital. At first he was thought to be a suspect, but was eventually considered by the State to be a victim of Appellant and his companions. However, all charges re-

lating to Telfar ultimately were dropped. Prior to Swarm's testimony, Appellant sought a motion *in limine* regarding reference to Telfar *as a victim*, since no crime against him was alleged. At the conference regarding the motion, all parties agreed to allowing testimony of how the investigating officers viewed Telfar when they arrived at the scene. Officers Swarm and Combs so testified at trial. The sole objection to this testimony was based on relevance, and occurred when the prosecutor was allowed to ask Combs if Telfar was listed as a witness in the case and Combs answered affirmatively. Now, Appellant alleges error over the entire course of testimony by Swarm and Combs concerning Telfar, claiming it was an impermissible reference to an irrelevant and prejudicial subsequent crime.

Appellant has waived this error by failing to object at trial. *Grimes v. State* (1983), Ind., 450 N.E.2d 512, 518. That Appellant made a tangentially related motion *in limine* in no way preserved the issue for appellate review. *Id.* Furthermore, the grounds upon which error is now based were not raised at trial, constituting yet another basis for waiver. *Hunter v. State* (1986), Ind., 492 N.E.2d 1067, 1070. Finally, the remarks about which Appellant objects merely described what the witnesses saw. It was not an abuse of discretion to permit the testimony. *White v. State* (1981), Ind., 425 N.E.2d 95, 97.

The trial court is affirmed.

GIVAN, C.J., and SHEPARD and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without opinion.