Benjamin BROWN, Appellant,

v.

STATE of Indiana, Appellee.

No. 82S008605CR466.

Supreme Court of Indiana.

Feb. 27, 1987.

Barry L. Standley, Beverly K. Harris, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Benjamin Brown was convicted of two (2) counts of dealing in cocaine, a class A felony, at the conclusion of a jury trial in the Vanderburgh Circuit Court. He was also adjudged to be an habitual offender. He was sentenced to concurrent terms of twenty (20) years, one of which was enhanced by thirty (30) years due to the habitual offender finding. The following issues are raised on direct appeal:

1. limitation of cross examination of State's Witness Paul McGillicuddy;

2. admission of certain testimony of State's Witness Sherry White;

3. admission of State's Exhibit A during the habitual offender phase; and

4. Final Instructions Nos. 12 and 16.

Pursuant to a plea agreement in an unrelated matter, Paul McGillicuddy was acting as a confidential informant for the Indiana State Police when he met with Appellant and Sherry White, Appellant's girlfriend, in an effort to apprehend dealers of controlled substances. On February 20, 1985, McGillicuddy inquired about getting cocaine, and was told to come back the following day. Steve Brownwell, of the Indiana State Police, met with McGillicuddy and gave him $575.00 for the purchase. Brownwell followed as McGillicuddy met with Appellant and White at their apartment. Appellant and White then drove to an alley to meet their supplier, with McGillicuddy following in his own car. White eventually entered the alley and returned with the cocaine, giving it to McGillicuddy. Appellant commented that it was "all there" and "looked like some good stuff." Over the course of the next couple of weeks, Appellant called McGillicuddy, and on March 5, Brownwell told McGillicuddy to set up another purchase. He gave McGillicuddy $1,100.00 for the purchase, and again followed him to Appellant's apartment. Brownwell once again followed as Appellant and McGillicuddy drove to the same alley as before. Appellant left the car, got the cocaine, and gave it to McGillicuddy in return for the money.

pear on a reckless driving charge; 6) been pre-charged with burglary; and 7) been convicted of running a red light and entering a dwelling to commit a felony. The entering to commit a felony was one of the convictions the State had put in. The trial court did not allow this cross examination. Appellant claims that since the State asked the witness: "[Y]ou have several felony convictions, is that correct?", it "opened the door" on his past, even including "bad acts" not reduced to convictions. None of the acts Appellee sought to admit resulted in convictions. The State "opened the door," to convictions, but McGillicuddy could not have been impeached by extraneous acts of misconduct not reduced to convictions. *Hodge v. State* (1982), Ind., 442 N.E.2d 1006, 1011; *Ashton v. Anderson* (1972), 258 Ind. 51, 62–63, 279 N.E.2d 210, 216–217. Of the misconduct sought to be introduced here, three situations deal with military law, and five situations deal with traffic offenses. None of these appear to be convictions except for running the red light. The only criminal conviction which Appellant sought to introduce, entering to commit a felony, had, as Appellant conceded, already been introduced by the State. The trial court did not err in so limiting cross examination.

### I

Appellant maintains the trial court erred in limiting his cross examination of McGillicuddy regarding McGillicuddy's prior criminal record. On direct examination of McGillicuddy, the State revealed convictions for entering a dwelling to commit a felony, theft, and theft as a misdemeanor, as well as the current charge which he had plea bargained, involving dealing in a controlled substance and forgery, the latter of which was dismissed. During cross examination, Appellant sought to reveal McGillicuddy had 1) been undesirably discharged from the military; 2) been returned to Fort Leonard Wood as a deserter; 3) been absent without leave from Fort Knox; 4) been charged with reckless driving, burglary, violating parole, driving with a suspended license, and speeding; 5) failed to ap-

### II

Appellant claims the trial court erred in overruling his objection and permitting State's witness Sherry White to testify that she bought cocaine from Vickie Williams prior to February 21st at the same location, for persons other than McGillicuddy, and that Appellant had driven her to make the purchases but had stayed in the car. Appellant claims this was improper evidence of other, unrelated criminal acts. The State claims this testimony was properly admitted as it tended to show a common scheme or plan, and as it demonstrated Appellant's knowledge and intent in taking part in the drug transactions with White. In view of all the evidence in this case, we find the admission of this statement by Witness White to be harmless. There was direct testimony by

White and several other witnesses, including McGillicuddy and Brownwell, that Appellant did, in fact, take part in the two drug buys with White and with which he was charged. In view of these facts, the admission of the statement in question by White was harmless and presents no reversible error.

### III

 Appellant argues the trial court erred in admitting State's Exhibit A during the habitual phase of the trial, without redacting a portion of the exhibit which showed the age of the victim to be 83 years. The exhibit was an information for a rape charge which was used to prove a prior, unrelated felony.

We addressed this same issue in *Maisonet v. State* (1983), Ind., 448 N.E.2d 1052, 1056, where we held:

"Although it is true that the statute requires only that the state prove that defendant has two prior unrelated felony convictions, relevant information connected with those convictions is not generally considered to be prejudicial to defendant. *Graham v. State*, (1982) Ind., 441 N.E.2d 1348; *Taylor v. State*, (1981) Ind., 420 N.E.2d 1231."

Appellant has made no claim that the exhibit was improperly authenticated, or that it was insufficiently connected with him. The mere fact that the victim's age appeared on the information did not prejudice Appellant here.

### IV

Finally, Appellant alleges the trial court erred in giving Final Instructions Nos. 12 and 16. His sole objection at trial was that the instructions were mandatory and deprived the jury of its discretion to judge the facts. On appeal, he now argues the instructions are misleading, confusing, and imply that being an habitual offender is a crime rather than a status. Where, as here, a different argument is presented on review than was presented at trial, the issue is waived. *Hunter v. State* (1986), Ind., 492 N.E.2d 1067, 1070. Furthermore, a review of the instructions does not show them to be confusing or misleading.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD, and DICKSON, JJ., concur.