Paris K. BUSH, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 79S00–0012–CR–743.

Supreme Court of Indiana.

Sept. 20, 2002.

Kevin R. O'Reilly, Lafayette, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Monica Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

SULLIVAN, Justice.

The trial court in this drug prosecution instructed the jury on the subject of Defendant Paris K. Bush's failure to testify despite Defendant's objection to the use of the instruction. This violated Defendant's right against self-incrimination under Article I, § 14, of the Indiana Constitution.

*Background*

The facts most favorable to the judgment indicate that in February 1999, the police, with the help of a confidential informant, purchased crack cocaine from Defendant. Defendant was convicted of Conspiracy to Commit Dealing in Cocaine, a

Class A felony,[1] two counts of Dealing in Cocaine, a Class A felony,[2] Possession of Cocaine, a Class B felony,[3] and Maintaining a Common Nuisance, a Class D felony.[4] He was also found to be a habitual offender. Defendant was sentenced to a total of 80 years incarceration.

### Discussion

■ Defendant contends that the trial court erred in giving a final instruction, over Defendant's objection, which addressed Defendant's failure to testify.

Defendant did not testify during his trial. The court proposed giving the following pattern jury instruction[5] during the guilt phase of trial:

Under the law of the State of Indiana, a person charged with the commission of a crime is a competent witness to testify in his or her own behalf. However, a person charged with the commission of a crime cannot be compelled to testify and is under no duty or obligation to testify.

The fact that the Defendant did not testify raises no presumption of any kind against him. It shall not be commented upon, referred to, or in any manner considered by the jury in determining the guilt or innocence of the Defendant.

(R. at 346.)

Defendant moved to strike the first paragraph of the instruction. The court refused stating that it was part of the pattern instruction. The defense reiterated its objection, stating, "I'm objecting to giving [the instruction] because it calls attention to the fact that [Defendant] could have testified if he chose to testify. I do not object to the last paragraph in that it raises no presumption." (R. at 1087.)

The trial court gave the full instruction over Defendant's objection.

■ Giving an instruction that highlights a defendant's failure to testify violates a defendant's right against self-incrimination, if the instruction is given over the defendant's objection. *See* IND. CONST. art. I, § 14; *Bufkin v. State,* 700 N.E.2d 1147, 1152 (Ind.1998); *Priest v. State,* 270 Ind. 449, 386 N.E.2d 686, 689 (1979); *Hill v. State,* 267 Ind. 480, 371 N.E.2d 1303, 1305–06 (1978); *Gross v. State,* 261 Ind. 489, 306 N.E.2d 371, 372 (1974). In *Gross* we said:

If as a trial tactic, the defense determines that such an instruction would assist its case, it may request the judge to so instruct. Furthermore, if the judge sua sponte offers to give the instruction, and the defense fails to object, the defense will be deemed to have consented to its submission. However, if the judge states his intention to submit the instruction and defense does object, the giving of the instruction constitutes an invasion of Fifth Amendment rights and judicial error.

306 N.E.2d at 372–73. In *Hill* we observed that the protection afforded by *Gross* might not be afforded under the Fifth Amendment of the United States Constitution, this court found that Indiana's Constitution nevertheless required the same protection:

Since there is no controlling United States Supreme Court case on this point, this Court may establish a stricter standard than that of the federal district courts to protect an individual's rights against self-incrimination under the

---

1. *See* IND.CODE § 35–48–4–1, § 35–41–5–2.

2. Id. § 35–48–4–1.

3. Id. § 35–48–4–6.

4. Id. § 35–48–4–13.

5. *See* 1 INDIANA PATTERN JURY INSTRUCTIONS (Criminal) 13.21 (Supp.1995) & 13.23 (2d ed. 1991).

Fifth Amendment of the United States Constitution and the Indiana Constitution, Art. 1, § 14.

*Hill,* 371 N.E.2d at 1305.

Later in 1978, the U.S. Supreme Court held that instructions of the type presented here did not violate a defendant's Fifth Amendment rights, even when given over a defendant's objection. *Lakeside v. Oregon,* 435 U.S. 333, 340–41, 98 S.Ct. 1091, 55 L.Ed.2d 319 (1978). As a matter of state constitutional law, however, this Court maintained the position taken in *Gross* and *Hill.* See *Bufkin,* 700 N.E.2d at 1152 ("A defendant ... has a state constitutional right under Art. I, § 14 not to have this instruction given over his objection."); *Priest,* 386 N.E.2d at 689 ("the mechanism erected [in *Gross* and *Hill*] for the accused to choose whether to have the jury given an instruction regarding his failure to testify is a requisite for full realization of the right of each citizen granted by Article I, section 14[, of the Indiana Constitution].").

Here, the instruction was given over the objection of the Defendant. This was a violation of Defendant's right against self incrimination provided by Article I, § 14, of the Indiana Constitution.

However, trial court error, even of constitutional dimension, does not necessarily require reversal of a conviction. Rather, if the error is such that it would not affect the outcome of the trial, we deem it harmless. *See Coleman v. State,* 750 N.E.2d 370, 374 (Ind.2001) ("contribut[ion] to [the defendant's] conviction"); *Torres v. State,* 673 N.E.2d 472, 474 n. 1 (Ind.1996) ("harmless beyond a reasonable doubt"); *Bivins v. State,* 642 N.E.2d 928, 957–58 (Ind.1994) ("harmless beyond a reasonable doubt").

We cannot say that the trial court's error in this case was harmless beyond a reasonable doubt. Defendant's arrest was based on the information of a confidential informant, Davis, who cooperated with police to catch Defendant in a drug transaction. Davis made a phone call to a phone number listed as belonging to Defendant. Davis identified the voice on the phone to the police as the Defendant's voice. Davis set up two controlled buys of crack cocaine. Defendant did not make the deliveries. Instead, an intermediary delivered the crack cocaine to Davis. During the first controlled buy Davis was in a car with an officer. Davis pointed out Defendant who he claimed to see nearby. The officer testified that he saw "a black male subject ... but from [his] vantage point [he] could not identify that subject." (R. at 1014.)

During the trial, Davis testified that prior to his cooperation with the police, Defendant had threatened Davis's girlfriend. Davis also testified that on another occasion, Defendant had beaten him. Though there was sufficient evidence to convict Defendant, the most incriminating evidence came from the confidential informant Davis. We are not confident that we can predict the effect that the trial court's emphasis on Defendant's decision not to testify had on the jury. Therefore we cannot say that the trial court's error was harmless beyond a reasonable doubt.

### Conclusion

We reverse the judgment of the trial court and remand this cause to the trial court for further proceedings.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.